452

No. 7418.

Circuit Court of Appeals, Third Circuit.

July 17, 1940.

Writ of Certiorari Granted Nov. 18, 1940.

See 61 S.Ct. 172, 85 L.Ed. ——.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Warren F. Watties, and Joseph M. Jones, Sp. Assts. to the Atty. Gen., for petitioner.

Richard H. Wilmer, of Washington, D. C., Carroll Wetzel, of Philadelphia, Pa., and Douglas L. Hatch, of Washington, D. C., for respondent.

Before MARIS, JONES, and GOOD-RICH, Circuit Judges.

MARIS, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals. The facts were stipulated and were adopted by the Board as its findings of fact. In December, 1930, the taxpayer created a trust, the income of which was payable to his wife. He designated a trust company as sole trustee and gave the trustee power to hold and invest the trust securities, convert and sell them, reinvest the proceeds, collect interest, income, dividends and profits and pay the expenses of management. The trust was revocable upon notice by the taxpayer with the written consent of the beneficiary and in any event the trust was to terminate on January 3, 1936, or upon the earlier death of the settlor or of the beneficiary, whichever should occur first. In 1932 the term was extended to January 3, 1938.

The taxpayer did not at any time have any agreement with his wife that she would give her consent upon his request to the termination of the trust prior to the time specified for its termination. He at no time asked his wife to consent to such termination nor did she at any time offer to give such consent. The wife died on November 26, 1935. The trust was in effect throughout the year 1934. The trustee paid the net income to the wife. The beneficiary reported the income from the trust in her income tax return for 1934, but the taxpayer did not. The Commissioner of Internal Revenue added the net income of the trust to the taxpayer's reported net income and determined a deficiency in his tax for 1934.

The taxpayer appealed to the Board. In his argument before the Board the Commissioner contended that the trust income was taxable to the settlor by virtue of section 166 of the Revenue Act of 1934, 26 U. S.C.A.Int.Rev.Acts sec. 166, page 727. The Board ruled that section 166 was inapplicable and decided that there was no deficiency. In his argument before this court the Commissioner concedes that upon authority of Helvering v. Wood, 309 U.S. 344, 60 S.Ct. 551, 84 L.Ed. ——, section 166 is inapplicable, and has abandoned that contention as a ground for reversal of the

Board's decision. He now for the first time contends that the trust income was taxable to the settlor by reason of section 22(a) of the Revenue Act of 1934, 26 U.S. C.A. Int.Rev.Acts sec. 22(a), page 669 as interpreted by the Supreme Court in Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788.

The issue presented to the Board was whether section 166 applied to a trust in which the estate reverted to the settlor after a period of years. The stipulated facts were framed with this issue in view. Under section 22(a) the issue presented is whether the grantor after the establishment of the trust may still be treated as the owner of the corpus. This involves in addition to an analysis of the terms of the trust consideration of all the circumstances attendant on its creation and operation. Helvering v. Clifford, supra. Obviously, many facts which would be totally irrelevant to the issue which was presented to the Board might be pertinent and even determinative of the issue now sought to be raised for the first time in this court. The possibility of prejudice to the taxpayer appears to us to be self-evident.

In General Utilities Co. v. Helvering, 296 U.S. 200, 56 S.Ct. 185, 80 L.Ed. 154, the Circuit Court of Appeals, In re General Utilities Co., 8 Cir., 74 F.2d 273, found in favor of the Commissioner upon a ground not raised before the Board of Tax Appeals. The Supreme Court held this to be error. It said (296 U.S. at page 206, 56 S.Ct. at page 187, 80 L.Ed. 154) : "The second ground of objection, although sustained by the court, was not presented to or ruled upon by the Board. The petition for review relied wholly upon the first point; and, in the circumstances, we think the court should have considered no other. Always a taxpayer is entitled to know with fair certainty the basis of the claim against him. Stipulations concerning facts and any other evidence properly are accommodated to issues adequately raised."

Upon a petition for review of a decision of the Board, this court's function is to determine whether the Board committed error in its decision of the issues presented to it. Clearly, if an issue was not presented for the Board's determination there is no action upon it by the Board which we can review. Helvering v. Salvage, 297 U.S. 106, 56 S.Ct. 375, 80 L.Ed. 511; Pfeiffer v. Commissioner, 2 Cir., 88

F.2d 3, affirmed, 302 U.S. 247, 58 S.Ct. 159, 82 L.Ed. 231; Kottemann v. Commissioner, 9 Cir., 81 F.2d 621; Glassell v. Commissioner, 5 Cir., 42 F.2d 653. It follows that we may not consider the issue now for the first time presented by the Commissioner.

The decision of the Board of Tax Appeals is affirmed.