## HELVERING, COMMISSIONER OF INTERNAL REVENUE, v. RICHTER.

No 516.   Argued March 3, 4, 1941.—Decided March 17, 1941.

*Assistant Attorney General Clark,* with whom *Solicitor General Biddle* and *Messrs. Sewall Key, Joseph M. Jones,* and *William L. Cary* were on the brief, for petitioner.

*Mr. Richard H. Wilmer,* with whom *Mr. Douglas L. Hatch* was on the brief, for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

Because the decision below, 114 F. 2d 452, was in conflict with that of the Circuit Court of Appeals for the Eighth Circuit in *Helvering* v. *Hormel,* 111 F. 2d 1, affirmed, *ante,* p. 552, we granted certiorari "limited to the first question presented by the petition for the writ." 311 U. S. 641.   The petition stated that question as follows:

"The taxpayer transferred securities to a third party in trust to pay the income to his wife.   At the end of five years, or earlier if the beneficiary consented, the securities were to be transferred back to the taxpayer. The Board of Tax Appeals held that the grantor was not

taxable with respect to the income from the trust. Two questions are presented:

"1. Whether, by invoking the general gross income provisions of Section 22, the Commissioner had so changed the theory of the Government's case on appeal as to preclude the Circuit Court of Appeals from considering the issue.

"2. Whether, on the merits, the trust income was taxable as income of the grantor under Section 22."

In view of the limited grant of certiorari, the second question is not before us. On the first question, the Circuit Court of Appeals held that it could not consider the applicability of § 22 (a), that being an "issue now for the first time presented by the Commissioner." The decision of the Board of Tax Appeals, which the Circuit Court of Appeals affirmed, was handed down prior to our decision in *Helvering* v. *Clifford,* 309 U. S. 331. Respondent urges that had he been advised with fair certainty that the government relied upon § 22 (a), he could have introduced additional evidence directed to that issue. For reasons set out in our decision in *Hormel* v. *Helvering, ante,* p. 552, we are of opinion that the Circuit Court of Appeals was in error in its conclusion, but we are also of opinion that respondent is entitled to introduce additional evidence if he so desires. The judgment is accordingly reversed, with directions to the court below to remand to the Board of Tax Appeals for rehearing in the light of the *Clifford* case.

*Reversed.*