## COMMISSIONER OF INTERNAL REVENUE v. WARD.

### No. 7432.

Circuit Court of Appeals, Third Circuit.

April 1, 1941.

L. W. Post, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

Joel Barlow, of Washington, D. C. (Paul E. Shorb, M. P. Wormhoudt, and Covington, Burling, Rublee, Acheson & Shorb, all of Washington, D. C., on the brief), for respondent.

Before MARIS, CLARK, and JONES, Circuit Judges.

MARIS, Circuit Judge.

By a trust agreement executed February 28, 1928, the taxpayer, Christopher L. Ward, designated a Delaware trust company as trustee and his wife and four children beneficiaries of the trust income, six-tenths thereof payable to his wife and one-tenth to each of his children. The trust was to terminate automatically on April 1, 1933 (amended in 1932 to April 1, 1938), or upon the prior death of the taxpayer. It could also be terminated at any time by notice in writing signed by the persons representing two-thirds in interest of the trust income. If the taxpayer's wife died during the term of the trust her share of the income was to be paid to the taxpayer but the share of any child dying during the term of the trust was to be added to the corpus. Upon the expiration of the trust the corpus and any accumulated income were to revert to the taxpayer, if then living, otherwise to the trustee named by him in his will. The trust instrument provided: " * * * that so long as the said Donor shall live, the power of investment and reinvestment hereby given to the said Trustee shall be exercised only by and with his written consent and approval and after the death of the Donor shall be exercised only by and with the written consent of a majority of the said beneficiaries; and further provided, that the said Trustee shall, during the life of the Donor, as and when directed by the Donor in writing, sell and assign any or all of the securities or other investments representing the corpus or principal of said estate and any additions or accretions thereto at such price as may be directed by the Donor and shall if so directed, exchange said securities and investments for others as may be directed by the said Donor."

The trust was terminated November 25, 1935, by a notice in writing to the trustee signed by all the beneficiaries. The Commissioner added the trust income which had been distributed to the taxpayer's wife and children in 1934 and 1935, to the taxpayer's gross income for those years and assessed deficiencies. The taxpayer appealed. Before the Board of Tax Appeals the Commissioner took the position that the trust was revocable and that the income therefrom was income to the taxpayer within the meaning of section 166 of the Revenue Act of 1934 (26 U.S.C.A. Int. Rev.Acts, p. 727). In an opinion promulgated July 12, 1939, the Board found as a fact that there was no power to revoke and that section 166 was inapplicable. A petition to review was filed November 7, 1939, by the Commissioner.

On February 26, 1940, the Supreme Court handed down its opinion in Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554,

84 L.Ed. 788, to the effect that the income from the trust therein involved was taxable to the settlor within the intent of section 22(a) of the Revenue Act of 1934 (26 U. S.C.A. Int.Rev.Acts, p. 669) because the taxpayer in effect continued to be the owner of the trust corpus. The Commissioner now argues before this court that the ruling of the Clifford case is applicable to the trust herein involved and that the trust income is, therefore, taxable to the taxpayer within the intent of section 22(a). Despite the fact that this issue was not presented to the Board of Tax Appeals it may, under the circumstances of this case, be considered by this court upon petition to review the decision of the Board of Tax Appeals. Hormel v. Helvering, 61 S.Ct. 719, 85 L.Ed. ——; Helvering v. Richter, 61 S.Ct. 723, 85 L.Ed. ——. However, since the Board is the tribunal charged with the duty of finding the facts and since it neither found the facts nor considered the applicability of section 22(a) in the light of the Clifford case, the cause is not ripe for decision in this court. Hormel v. Helvering, supra. It will accordingly be remanded to the Board for rehearing of the Commissioner's contention in the light of the Clifford case.

The decision of the Board of Tax Appeals is reversed and the cause is remanded to the Board for further proceedings consistent with this opinion.