## COMMISSIONER OF INTERNAL REVENUE v. CENTRAL NAT. BANK OF CLEVELAND.
### No. 8622.

Circuit Court of Appeals, Sixth Circuit.
May 8, 1941.

L. W. Post, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

Walker H. Nye, of Cleveland, Ohio (McKeehan, Merrick, Arter & Stewart, of Cleveland, Ohio, on the brief), for respondent.

Before HICKS, SIMONS, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

Before the Board of Tax Appeals, the Commissioner of Internal Revenue contended that the income for a portion of the year 1934 from four trusts, created by respondent's decedent, W. G. Wilson, is taxable to the decedent's estate under Section 166 of the Revenue Act of 1934,[1] 26 U.S.C.A. Int.Rev.Code, § 166. The Board held against the Commissioner, who, upon this petition for review, concedes that the income of the trusts is not taxable to the estate under Section 166, but insists that the trust income is so taxable under Section 22(a) of the Revenue Act of 1934, C. 277, 48 Stat. 680, Title 26, Section 22,[2] U.S.C.A. Int.Rev.Code. This new point was not presented to the Board of Tax Appeals or considered by that agency.

Respondent denies the right of the petitioner to stand here on new ground, not heretofore planted, and cites Helvering v. Wood, 309 U.S. 344, 60 S.Ct. 551, 84 L.Ed. 796. Petitioner, however, is sup-

---

[1] Sec. 166 of Revenue Act of 1934: "Revocable Trusts. Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or (2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, then the income of such part of the trust shall be included in computing the net income of the grantor."

[2] Sec. 22(a) of Revenue Act of 1934: "§ 22. Gross income (a) General Definition. 'Gross income' includes gains, prof-

its, and income derived from salaries, wages, or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever."

ported by the direct authority of Hormel v. Helvering, 311 U.S. ——, 61 S.Ct. 719, 721, 85 L.Ed. —— decided March 17, 1941, where the taxpayer made the identical contention that the applicability of Section 22(a) was not open for consideration in the Court of Appeals, inasmuch as the section had not been relied upon before the Board of Tax Appeals; but the Supreme Court held that the appellate court, notwithstanding this, had properly considered Section 22(a) in determining the taxpayer's liability. It was said that "orderly rules of procedure do not require sacrifice of the rules of fundamental justice." Helvering v. Wood, supra, was distinguished upon the ground that there the Supreme Court had "especially relied upon the fact that the government, when the case was before the Circuit Court of Appeals, had made an express waiver of any reliance upon 22(a)."

In the case at bar, no such waiver was made; and the assignments of error which petitioner presents to us embrace broad charges that the Board erred in holding the income derived from the trusts during the period from June 15th to December 31st, 1934, taxable to the trusts rather than to the settlor, W. G. Wilson.

Both in the Hormel case and in the instant case, the decisions of the Board of Tax Appeals were rendered before the Supreme Court delivered its opinion in Helvering v. Clifford, 309 U.S. 331, 60 S. Ct. 554, 84 L.Ed. 788, holding the creator of a trust individually taxable under Section 22(a) on trust income where in the declaratory instrument he had named himself trustee, retained broad control of the trust property, reserved the right to accumulate the net income or, in his discretion, pay it to his wife, and had provided that the trust should terminate at the expiration of five years or upon the earlier death of his wife, or himself; and that, upon termination of the trust, the corpus should go to him or his estate, but that any undistributed net income should be treated as the property of his wife.

It may be observed that when the Board of Tax Appeals decided the instant case and also when it decided the Hormel case, the "family solidarity" concept had not been stressed as it was in Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L. Ed. ——, 131 A.L.R. 655. Nor had the Board then the guidance of the clear-cut statement very recently made in Harrison,

Collector, v. Schaffner, March 31, 1941, 61 S.Ct. 759, 762, 85 L.Ed. ——, to the effect that "income which the donor gives away through the medium of a short term trust created for the benefit of the donee is nevertheless income taxable to the donor."

Here, the trusts were operative for short terms, at the expiration of which the trust properties were to be returned to the creator of the trusts, if then living. Furthermore, the cestui qui trustent to whom the income was made payable were the wife and children of the settlor. Detailed discussion of the provisions of the trust indentures is needless, in view of the course which we are constrained to pursue.

Respondent assumes the warranted position that had Section 22(a) been invoked by the government before the Board of Tax Appeals, evidence could have been introduced "as to the individual status of members of the Wilson family bearing importantly upon the question whether they constituted an intimate family group, as well as evidence upon other matters which we think would be material under the principles laid down in the Clifford case." The stipulation and the evidence upon which the case was tried before the Board related exclusively to the question whether the estate is taxable under Section 166.

The language of the last paragraph of the opinion in Hormel v. Helvering, supra, fits the situation confronted here: "But the Board of Tax Appeals neither found the facts nor considered the applicability of 22(a) in the light of the Clifford case. Congress has entrusted the Board with exclusive authority to determine disputed facts. Under these circumstances we do not feel that petitioner should be foreclosed from all opportunity to offer evidence before the Board on this issue, however remote may be his chance to take his case out of the Clifford rule."

So, also, Helvering v. Richter, 61 S.Ct. 723, 724, 85 L.Ed. ——, decided on the same date, March 17, 1941, wherein the way is plainly pointed. There the Supreme Court said: "The decision of the Board of Tax Appeals, which the Circuit Court of Appeals affirmed [3 Cir., 114 F.2d 452], was handed down prior to our decision in Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788. Respondent urges that had he been advised with fair

certainty that the government relied upon section 22(a), he could have introduced additional evidence directed to that issue. For reasons set out in our decision in Hormel v. Helvering, we are of opinion that the Circuit Court of Appeals was in error in its conclusion, but we are also of opinion that respondent is entitled to introduce additional evidence if he so desires. The judgment is accordingly reversed, with directions to the court below to remand to the Board of Tax Appeals for rehearing in the light of the Clifford case."

In conformity with this highest authority, the decision of the Board of Tax Appeals is reversed, and this case is remanded for the procedure approved by the Supreme Court, as indicated above.