### CRABB et al. v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 9661.

Circuit Court of Appeals, Fifth Circuit.

July 25, 1941.

For former opinion, see 119 F.2d 772, affirming the decision of the Board of Tax Appeals, 41 B.T.A. 686.

Harry C. Weeks, of Fort Worth, Tex., and Wright Morrow, of Houston, Tex., for petitioners.

Helen R. Carloss, Sewall Key, and Joseph M. Jones, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Claude R. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

1016

SIBLEY, Circuit Judge.

■ The new contention in the motion for rehearing is that the bonuses involved, whether received in 1934 or 1936, have been dealt with by us on a theory different from that on which the case was tried before the Board, which is not permissible; or if permissible, should result not in simple affirmance but a re-reference. Both the Board and this court have held the bonuses to be individual and not community income. The Board, without discussion, assumed the leases were made by the trustees as part of the trust business and held that business to be not a partnership but a joint venture or pool. We, on a construction of the trust instrument, concluded that the trust did not extend to the making of mineral leases and thus raising bonuses, but that this activity must be supported as the exercise of a power of attorney added to the trust provisions. A tenant for ten years of land to be farmed or ranched, on which no mine or oil well had ever been opened, would be guilty of waste if he opened such or authorized others so to do. This is true even of a life tenant. 33 Am.Jur. § 328. These trustees are in the same case. They could not make oil leases because of their having a ten-year estate for farming and ranching purposes, but only because of the express authority given them additionally as attorneys in fact. This determination by us was not a decision of any fact contrary to the Board's findings, but was a construction of a written instrument, which is a question of law. The statute under which we review the decisions of the Board, 26 U.S.C.A. Int.Rev.Code § 1141(c) (1), provides we shall "have power to affirm or, if the decision of the Board is not in accordance with law, to modify or to reverse the decision of the Board, with or without remanding the case for a rehearing, as justice may require." If the decision is not in accordance with law, whether the deviation arises from oversight or misconception of the parties or of the Board, it is the duty of this court to correct it, at least unless there was a binding waiver by the parties. While the parties may fix the facts by stipulation, they cannot thus change the law. The Board may find the facts and bind this court, but neither by error nor oversight can it alter the applicable law.

■ We have but found a different reason in law for the Board's conclusion that these bonuses are not community but individual income. It is true, however, that this reason or "theory" does not appear to have been urged before or considered by the Board. The petitioners contend that the evidence was not fully developed bearing upon it. It is not plain to us what new evidence could be relevant, or how any different result could follow, but we will remand the case to the Board, as petitioners request, that full opportunity may be given to present their case. Hormel v. Helvering, Commissioner, 61 S.Ct. 719, 85 L.Ed. ——; Helvering, Commissioner, v. Richter, 61 S.Ct. 723, 85 L.Ed. ——, both decided March 17, 1941.

No costs are awarded to petitioners, but the case is remanded to the Board for further hearing.