## COMMISSIONER OF INTERNAL REVENUE v. BOEING.

### No. 9783.

Circuit Court of Appeals, Ninth Circuit.

Oct. 23, 1941.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Hubert L. Will, and Wm. B. Waldo, Sp. Assts. to Atty. Gen., for petitioner.

Hollister T. Sprague, Lowell P. Mickelwait, and Calhoun Shorts, all of Seattle, Wash., for respondent.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

In 1932 respondent taxpayer irrevocably transferred to a trustee six insurance policies on his own life of a total face value of $500,000. The immediate beneficiaries named in the trust agreement are the taxpayer's wife and son.

In 1936 and 1937 the taxpayer paid premiums on the policies in the amounts of $12,192.50 and $12,109, respectively, and reported gifts to his wife and son each of one-half the premiums. For each year he claimed two exclusions of $5,000 on the theory that the beneficiaries of the trust were the donees. The Commissioner assessed deficiencies in the gift taxes on the ground that the trust was the donee, hence but one yearly exclusion was allowable. Agreeing with the taxpayer, the Board of Tax Appeals held that there was no deficiency for either year. The Board did not consider whether the gifts were of future interests, and that question was not presented to it.

Section 504(a) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 585, defines the term "net gifts" as meaning the total amount of gifts made during the calendar year, less certain deductions. Section 504(b) provides: "In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

In Helvering v. Hutchings, 1941, 312 U. S. 393, 61 S.Ct. 653, 85 L.Ed. 909, the court held that in cases of gifts in trust the beneficiaries are the donees, hence—provided the gifts are not of future interests—the donor is entitled to as many exclusions as there are beneficiaries. The ruling resolved differences of opinion on the subject which had existed among several of the circuit courts of appeals. The Hutchings opinion was handed down after the Board's decision of the present case and after the Commissioner had petitioned for review here. In assessing the deficiencies against the taxpayer the Commissioner relied on Commissioner v. Wells, 7 Cir., 88 F.2d 339, and Commissioner v. Krebs, 3 Cir., 90 F.2d 880, in which it was held that the trust was the donee and that but one exclusion was allowable. And in the course of the Board hearing government counsel conceded that the single issue involved was whether there was one gift or two. For obvious reasons, where the trust is considered to be the person to whom the gift is made the future interest problem is out of the picture.

In his statement of points on review filed with the Board and in this court, however, the Commissioner urged that the Board was in error in failing to hold that the interests of the beneficiaries were future interests. And in his brief and argument here the Commissioner makes that contention. Abandoning the position taken below, he argues that the Board erred in failing to hold that under § 504(b) no exclusions at all are permissible with respect to the gifts of the insurance premiums. Thus two questions are presented: (1) Whether the gifts were of future interests within the meaning of the statute, and (2) whether the Commissioner, notwithstanding his failure to raise the question of future interests before the Board, may raise it here.

The first question requires little discussion. Under the very recent decisions in United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913, and Ryerson v. United States, 312 U.S. 405, 61 S. Ct. 656, 85 L.Ed. 917, it is clear that the gifts in the case before us were of future interests so far, at least, as concerns the proceeds and the income from the proceeds of the policies themselves. These mature only upon the death of the trustor. By the terms of the trust the trustee is to collect and invest all moneys "which may be due or become due" under the policies. The net income from invested funds received by the trustee is to be distributed one-half to the wife and one-half to the son during their lives. In the event the wife does not survive the trustor, the entire trust is to be administered for the benefit of the son and his issue, if any; and, conversely, if the son predeceases the trustor, leaving no issue, the entire corpus is to be transferred to the wife, or in the event of her prior death to two named beneficiaries or their issue. Other contingencies, not here material, are provided against. Clearly, the beneficiaries have no right to the present enjoyment of the policy proceeds, and they will never have that right unless they survive the trustor, or, in any event, unless they survive the possible lapse of the policies. Their use and enjoyment are "postponed to the happening of a future uncertain

event", and the gifts thus import the difficulties which it was the purpose of Congress to avoid. United States v. Pelzer, supra, 312 U.S. page 404, 61 S.Ct. page 661, 85 L.Ed. 913.

A possible argument may be made for the taxpayer in respect of policy dividends. The trust indenture provides that "dividends payable under the terms of said policies may be applied toward payment of premiums, and if not so used shall be paid to the trustee and shall be invested and distributed subject to the terms hereof." No duty rests on the trustee to pay premiums or assessments. While the right of the beneficiaries to income derived from the investment of dividends does not depend upon their outliving the trustor, the possibility of there being any income from this source does depend upon unpredictable future events, namely, upon the trustee's actual receipt of dividends—a contingency which under the terms of the trust may never occur. Necessarily, the beneficiaries have no certain right to the present enjoyment of income from that source. Compare Welch v. Paine, 1 Cir., 120 F.2d 141; Helvering v. Blair, 2 Cir., 121 F.2d 945; Commissioner v. Taylor, 3 Cir., 122 F.2d 714.

The question whether the future interests issue is open for consideration in this court despite absence of reliance on it in the proceeding before the Board is answered in the affirmative in Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037, and Helvering v. Richter, 312 U.S. 561, 61 S.Ct. 723, 85 L.Ed. 1043. Here, as in the Hormel and Richter cases, there was an authoritative judicial interpretation of existing law after the decision below and pending appeal—an interpretation which had it been applied would have led to a different result. The Board was right in rejecting the proposition of ·law advanced· by the Commissioner, but on the basis of the record before it it was wrong in holding that there were no deficiencies in taxes for the two years. Accordingly, the decision must be reversed and the cause remanded to redetermine or compute the deficiencies. Since the applicability of the future interests provision of the statute was not considered and no issue was made in respect of it, opportunity should be given the taxpayer to present evidence on that issue if he so desires.

As the matter stands the Commissioner has assessed deficiencies based on an exclusion of $5,000 for each of the two years, although the taxpayer appears to be entitled to none. The Board of Tax Appeals is a body authorized by statute to operate under rules of its own adoption. Whether, in the light of its rules and of § 272(e), (f) of the 1932 act, 26 U.S.C.A. Int.Rev. Acts, page 560, the Board may or should redetermine a greater deficiency than the amount of which notice has been given the taxpayer is a question which we have not considered and do not undertake now to decide. The question is not before us since no assertion of an additional deficiency has yet been made by the Commissioner in conformity with the statute.

Reversed and remanded for further proceedings not out of harmony with this opinion.

HANEY, Circuit Judge (concurring).

I concur in the opinion as written because the record and briefs before us present only the questions decided. However, there are many serious questions lurking in the record, and I do not wish the opinion to be taken as inferentially deciding such questions. For example, when respondent paid the premiums to the insurance companies, did he merely pay an obligation or did he make a gift? If he made a gift, who was the donee—the insurance companies, the trustee, or the beneficiaries of the trust? Who was the donor—respondent or the insurance companies? What was the subject of the gift—the amount paid the insurance companies (such money belonging to the insurance companies immediately on receipt thereof), the increase in the cash surrender value of the policies, or something else?

The parties assume that the beneficiaries of the trust were the donees of the gift; that respondent was the donor; and that the subject of the gift was the amount of insurance premiums paid. I join in this decision of the case on those assumptions, but I do not thereby express any opinion on any of the questions above mentioned.