## COMMISSIONER OF INTERNAL REVENUE v. MONTAGUE.

### No. 8919.

Circuit Court of Appeals, Sixth Circuit.

April 6, 1942.

Hubert L. Will, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Hubert L. Will, and Michael H. Cardozo, IV, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Robert A. Littleton, of Washington, D. C. (Vaughn Miller, of Chattanooga, Tenn., Robert A. Littleton, of Washington, D. C., Miller, Miller & Martin, of Chattanooga, Tenn., and Mason, Spalding & McAtee, of Washington, D. C., on the brief), for respondent.

Before ALLEN, HAMILTON, and Mc-ALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

This is a proceeding to review a decision of the Board of Tax Appeals, and involves gift taxes of the respondent for the calendar year 1935 in the amount of $714.37.

The questions presented are: Whether the Commissioner, for the first time on this appeal, may raise the issue that the present gift was a future interest in property under Section 504(b) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 585, and whether the gift was in fact one of a future interest.

The facts are not in dispute and are substantially as follows: On August 15, 1935, respondent, Genevieve Allan Montague, conditionally conveyed and delivered to Richard M. Kimball, certain properties in Hamilton County, Tennessee. By the terms of the instrument, the grantee was directed to convert the property into cash or securities as rapidly as in his judgment would be expedient and for the best interest of the estate. Broad powers were conferred on the grantee to lease, mortgage, exchange, sell or otherwise dispose of said property.

After the payment of taxes, insurance, repairs, and other expenses incident to the administration of the estate, and after withholding an amount deemed sufficient by said grantee to provide a reserve for future outlays and expenses that might arise

prior to the time of final distribution of the estate, the grantee was directed in his discretion to divide the surplus funds and distribute them from time to time to the persons named in the instrument as in his judgment seemed proper and to include in such distribution any securities and property, real or personal, when he deemed that equitable distribution of same should be made. The grantee was directed to pay annually to the grantor an amount in cash which he considered proper for her maintenance and support, not to exceed in any one year $7,200. If less than $7,200 the allowance was not cumulative, and the balance became a part of the estate. Any other funds available for distribution after the payment to the grantor above mentioned were to be divided into three equal parts and at his discretion paid to the grantor's three daughters, Genevieve Hope Montague, Mildred Montague Kimball and Caroline Montague Rasponi. The grantor was indebted to her daughter, Genevieve Hope Montague, in the sum of $43,224, to her daughter, Mildred Montague Kimball, in the sum of $50,000, and to her daughter, Caroline Montague Rasponi, in the sum of $50,000, for which indebtedness each of her three daughters then held her note. The instrument provided that any payments by the grantee to any one of the three daughters out of either income or principal of the estate should be credited upon the indebtedness owing such daughter until that indebtedness was fully extinguished. The grantee under the instrument was authorized to make payments to the grantor's daughters for their support and maintenance before he paid the maximum amount the grantor was entitled to receive in any one year. In case of the death of any one of the daughters, before final distribution of all the income and corpus of the estate, any amount remaining undistributed out of her one-third was to be paid to her personal representative.

The so-called trust was to continue until the corpus of the estate was liquidated and distributed, but in no event longer than twenty-one years after the grantor's death. Provision was made for a successor trustee and the so-called trust was made irrevocable.

■ Respondent filed with the Collector of Internal Revenue, a gift tax return for the calendar year 1935 and included therein the property conveyed by her to Kimball and paid a gift tax of $159.23. On her original return she claimed exclusions of $15,000, $5,000 for each of the beneficiaries under the alleged trust. The Commissioner of Internal Revenue, on audit and review, increased the total gifts from $80,-615.03 to $141,179.10 and reduced the exclusion to $5,000. The respondent insisted that she was entitled to three exclusions of $5,000 each. She paid the additional taxes found by the Commissioner to be due because of the increase in total gifts, which left remaining a deficiency of $714.-37, which arose out of the Commissioner allowing only one exclusion of $5,000. Respondent appealed to the Board of Tax Appeals to review the decision of the Commissioner, claiming a total exclusion of $15,000. The Commissioner in his answer controverted but one allegation of respondent's petition, and claimed that she was entitled to only one exclusion of $5,000. The Board of Tax Appeals sustained respondent's claim, which decision was correct. Helvering v. Hutchings, 312 U.S. 393, 398, 61 S.Ct. 653, 85 L.Ed. 909.

Petitioner on this appeal assigns a single error to the decision of the Board, viz., that it should have allowed one exclusion of $5,000, but he now urges on us that respondent was entitled to no exclusions because the alleged trust was a conveyance to its beneficiaries of a future interest in property and that under the provisions of Section 504(b) of the Revenue Act of 1932 no exclusions are allowable.

Respondent claims the court lacks jurisdiction to pass upon the question presented, because neither directly nor indirectly was it raised before the Board of Tax Appeals.

■ It is well settled that under certain circumstances a new theory to support the determination of the Commissioner of Internal Revenue may be presented for the first time on appeal. Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037; Helvering v. Richter, 312 U.S. 561, 562, 61 S.Ct. 723, 85 L.Ed. 1043; Legg's Estate v. Commissioner, 4 Cir., 114 F.2d 760; Rothensies, Collector, v. Fidelity & Philadelphia Trust Co., 3 Cir., 112 F.2d 758; Commissioner v. Central National Bank of Cleveland, 6 Cir., 119 F.2d 470.

■ Subsequent to the decision of the Board of Tax Appeals in the instant case, the Supreme Court has given the interpretation of Section 504(b) of the Revenue

Act of 1932, which is to be followed in its application. Helvering v. Hutchins, supra; United States v. Pelzer, 312 U.S. 399, 403, 61 S.Ct. 659, 85 L.Ed. 913; Ryerson v. United States, 312 U.S. 405, 409, 61 S.Ct. 656, 85 L.Ed. 917. If these decisions had been extant when the present parties applied to the Board, each might have raised issues not here presented and the Board might have reached a different conclusion. Under these circumstances, the case at bar falls within the rules of procedure laid down in Hormel v. Helvering, supra, and is not within the concept of General Utilities and Operating Company v. Helvering, 296 U.S. 200, 206, 56 S.Ct. 185, 80 L.Ed. 154, or Helvering v. Wood, 309 U.S. 344, 348, 60 S.Ct. 551, 84 L.Ed. 796.

Section 504(b) of the Revenue Act of 1932, 26 U.S.C.A., Internal Revenue Acts, p. 585, provides "in the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year."

Section 501(a) of the Act, 26 U.S. C.A. Int.Rev.Acts, page 580, imposes a tax upon the transfer during such calendar year by any person or property by gift. The word "gift" is not defined in the Act; therefore, it is to be understood in its ordinary signification.

The instrument out of which the gift here in question is claimed to have arisen is not free from conflicting provisions and it has lurking in it a serious question as to whether the so-called donor in fact made a gift. In paragraph 5 of the instrument, it is set out that the grantor is indebted to her three daughters in an aggregate sum greater than the total so-called gifts and that up to the time of the execution of the instrument, the grantor had not been able to discharge this indebtedness and that any distribution out of the estate to any of her daughters was to be applied on her indebtedness to them.

It is also provided in paragraph 4 that the grantee should have the right whenever in his discretion he deemed it advisable, to make distribution out of the estate to the grantor's daughters for their support and maintenance, before he had paid the grantor the maximum amount which she was entitled to receive during the current year and before he had paid all of the obligations and expenses of the estate for the current year or during any subsequent year.

The word "gift" is usually defined as a voluntary transfer of property by one to another without any consideration or compensation therefor. A "gift" is a gratuity and not only does not require consideration, but there can be none. If there is a consideration for the transaction, it is not a gift, and where property equivalent to the amount of a debt is delivered to a third party for the benefit of a creditor, whether the transaction constitutes a gift or a payment satisfying the debtor's obligation, depends on the intention of the parties gathered from the context of the conveyance, and if it be ambiguous or contradictory, the circumstances prevailing at the time the instrument was executed may be taken into consideration in determining the intention of the parties.

The Board's attention was not directed to, nor had it any occasion to consider, the issue here presented and as to whether the property passing under the present instrument of conveyance was a gift at all is a mixed question of law and fact on which, under the circumstances here present, we are not free to pass judgment. The Board of Tax Appeals is intrusted with the exclusive authority to determine disputed facts. Helvering v. Hutchins, supra.

The cause is remanded to the Board with directions to permit the respondent to amend her petition if she so desires and the Commissioner to amend his answer if he so desires, and for further proceedings in accordance with this opinion.