## COMMISSIONER OF INTERNAL REVENUE v. WASHER.

### No. 8834.

Circuit Court of Appeals, Sixth Circuit.
April 16, 1942.

Samuel H. Levy, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and L. W. Post, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Peter Keber, of New York City (Earl J. Garey, William Helfer, and Peter Keber, all of New York City, on the brief), for respondent.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

SIMONS, Circuit Judge.

This review involves a deficiency in the estate tax of the decedent determined by the Commissioner but set aside by the Board of Tax Appeals, and raises the question whether the proceeds of insurance policies on the life of the decedent, after deduction of the statutory $40,000 exemption, are includible in the gross estate under § 302(g) and (d) of the Revenue Act of 1926 as amended, 26 U.S.C.A. Int.Rev. Acts, page 228 et seq.

The facts are stipulated and as to them there is no controversy. The decedent, a resident of Kentucky, died February 5, 1935. At various times he took out policies of insurance upon his life in the Northwestern Mutual Life Insurance Company and the John Hancock Life Insurance Company, in each of which his wife, Amy D. Washer, was named as beneficiary. Some of the policies were issued prior to the effective date of the Act and some thereafter, and, as written, reserved to the insured the right to change the beneficiary and mode of payment in the event of death, and also the right to borrow upon the policies and to take their cash surrender value. On December 19, 1932, he caused an endorsement to be affixed to the Northwestern policies wherein he waived the power to exercise the rights and privileges reserved, without the written consent of the beneficiary, but reserved the power, in the event of her death before the policies would become payable, to exercise the rights and privileges reserved which were then to vest solely in him. On January 18, 1933, he likewise, by endorsement, waived the rights reserved in the Hancock policies, to change the beneficiary or method of payment, without the consent of his wife during her lifetime, but still reserved to himself the right to change contingent beneficiaries, and, with the consent of his wife during her lifetime, to procure loans, receive cash surrender val-

ue, and make changes without consent of contingent beneficiaries. On December 17, 1934, by another endorsement to the Hancock policies, it was provided that the insured could change the contingent beneficiaries only with the written consent of his wife during her lifetime.

At the decedent's death his wife and contingent beneficiaries were living, and insurance became payable to the named beneficiary in the aggregate face amount of each group of policies plus additions by way of post mortem dividends. The Commissioner determined a deficiency by including all of these amounts in excess of $40,000, in the gross estate of the decedent. Upon review the Board of Tax Appeals held this action to be erroneous.

The Commissioner, in seeking to set aside the decision of the Board, relies upon § 302(g) of the Revenue Act of 1926, as amended, which provides for including in the value of the gross estate of a decedent, all of his real or personal property, tangible or intangible "to the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life." If his view in this respect does not prevail he relies upon § 302(d) of the Act, which provides that there shall be included in the gross estate all property "to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, * * *."

■ The taxpayer contends that because the Commissioner, in his deficiency letter, relied solely upon § 302(d) and not upon § 302(g), his liability asserted under the latter section should not presently be considered. It appears, however, that in argument before the Board and in brief and argument here, the asserted deficiency is supported by the Commissioner upon the provisions of § 302(g). The taxpayer thus has had ample opportunity to respond to the Commissioner's contentions, both before the Board and here. His situation is therefore distinguishable from that of the taxpayer in Helvering v. Wood, 309 U.S. 344, 60 S.Ct. 551, 84 L.Ed. 796, who had no opportunity to reply to a contention of the Commissioner raised for the first time in the Supreme Court, not presented to the Board of Tax Appeals and expressly waived in the Commissioner's brief to the Circuit Court of Appeals. Here the liability of the taxpayer under § 302(g) was asserted before the Board, denial assigned as error, and briefed and argued in this court. The taxpayer's contention must therefore be rejected upon the authority of Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037, and Helvering v. Richter, 312 U.S. 561, 61 S.Ct. 723, 85 L.Ed. 1043.

■■ The taxpayer insists that § 302 (g) does not apply because it has been consistently construed that the inclusion of insurance in gross estate is contingent upon the insured possessing legal incidents of ownership in the policies at the time of his death,—a construction beginning with Chase Nat'l Bank v. United States, 278 U.S. 327, 49 S.Ct. 126, 73 L.Ed. 405, 63 A.L.R. 388, and reannounced in Bingham v. United States, 296 U.S. 211, 56 S.Ct. 180, 80 L.Ed. 160, and Industrial Trust Co. v. United States, 296 U.S. 220, 56 S.Ct. 182, 80 L.Ed. 191, and by many decisions of District Courts and Circuit Courts of Appeals. The Supreme Court, however, in Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, has dealt comprehensively with those reservations of power in transfers inter vivos, which must be accepted as incidents of ownership in determining includibility in gross estate of transfers made in trust, and has sought the "harmonizing principle" by which to determine whether the transfer is complete and irrevocable when made, or becomes so only upon the death of the grantor. It restored to full authority its decision in Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996, and freed it from the limitations apparently imposed thereon by Helvering v. St. Louis Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A. L.R. 1239, and Becker v. St. Louis Trust Co., 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35. Referring to the Klein case, it said: "The inescapable rationale of this decision, rendered by a unanimous Court, was that the statute taxes not merely those interests which are deemed to pass at death according to refined technicalities of the law of property. It also taxes inter vivos trans-

fers that are too much akin to testamentary dispositions not to be subjected to the same excise. By bringing into the gross estate at his death that which the settlor gave contingently upon it, this Court fastened on the vital factor." [309 U.S. 106, 60 S.Ct. 448, 84 L.Ed. 604, 125 A.L.R. 1368.]

While the Hallock decision did not construe § 302(g), its reasoning is equally applicable to the interpretation of that section. So thought the Court of Appeals of the Second Circuit in Chase Nat'l Bank v. United States, 116 F.2d 625, when it declared it to be "plain that when the death of the insured terminates all rights of his estate to receive payment under the policy and fixes them unalterably in the beneficiary, under the provisions of Section 302(g) the proceeds must be added to the estate of the decedent for purposes of taxation." In Broderick v. Keefe, 1 Cir., 112 F.2d 293, the same view was entertained. Where a possibility of reverter remains, the transfer, inter vivos, or testamentary takes effect only upon death. Death is the "generating" source from which the authority for such taxes takes its being. Knowlton v. Moore, 178 U.S. 41, 20 S.Ct. 747, 44 L.Ed. 969; Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758.

It is idle to differentiate the present case from Helvering v. Hallock, supra, upon the ground that the contingencies here involved, unlike those in the Hallock case, are extremely remote. The court was in search of a guiding principle depending not upon illusive and subtle distinctions, but one which should be uniform and workable in the application of the estate tax. It rejected the formula set forth in Helvering v. St. Louis Trust Co., supra [296 U.S. 39, 56 S.Ct. 76, 80 L.Ed. 29, 100 A.L.R. 1239], that the grantor's death "simply put an end to what, at best, was a mere possibility of a reverter by extinguishing it; that is to say, by converting what was merely possible into an utter impossibility,"—a rejection based upon the court's own argument in the Klein case.

We do not see that there is any distinction to be made between the policies written prior to the effective date of the 1926 Revenue Act, and those written thereafter, on the ground that vested interests were created in the beneficiary by the earlier policies which constitutionally could not be affected by a subsequent statute. If, as said in the Klein case [283 U. S. 231, 51 S.Ct. 399, 75 L.Ed. 996], "the death of the grantor was the indispensable and intended event which brought the larger estate into being for the grantee and effected its transmission from the dead to the living, thus satisfying the terms of the taxing act and justifying the tax imposed," a principle approved in the Hallock case as a fastening upon the vital factor underlying a proper interpretation of the estate tax, then the identifiable event which determines both the incidence of the tax and its measure, is not the date of the insurance contract but the death of the insured, and there is no distinction to be made between the avails of policies written before and those issued after the effective date of the statute. They are all to be included in the estate to be taxed. Broderick v. Keefe, supra.

This conclusion must also result in our rejecting a contention that the amount to be included in the gross estate is to be measured not by the avails of the insurance policies but by the value of the interests therein that had been reserved. If Helvering v. Hallock furnishes, as it purports to do, a practical formula for determining the measure of the gross estate at the time of death, it is not by us to be refined or evaded by limiting inclusion in gross estate to the value of a possibility of reverter which real though it be, in respect to postponing complete passing of property until the event of death, is yet an intangible element in respect to value, and so incapable of measurement. So concluding, it becomes unnecessary to determine whether the insurance is to be included in gross estate because of § 302(d).

The decision of the Board of Tax Appeals is reversed and the cause remanded to the Board for further proceedings consistent herewith.