## FISHER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10171.

Circuit Court of Appeals, Ninth Circuit.

Dec. 16, 1942.

F. T. Ritter, of Long Beach, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, Louise Foster, and Samuel H. Levy, Sp. Assts. to the Atty. Gen., for respondent.

Before DENMAN, MATHEWS and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

The Board of Tax Appeals found deficiencies in gift tax for the years 1933, 1935, and 1937. The taxpayer petitions for a re-

---

view of the decision of the Board insofar as it concerns a gift made in 1937 to a trustee for the benefit of the donor's six grandchildren.

In 1937, the taxpayer created an irrevocable trust and transferred certain bonds to the trustee without consideration. The trust agreement provided that the trustee was to make an annual distribution of net income to each of the donor's six named grandchildren, who were twenty-one years of age, and to the parents of those not yet twenty-one for their use and benefit. One-sixth of the corpus was to be distributed to each grandchild upon attaining the age of twenty-five, to his issue if the said grandchild was not living at such time, or, in case of death without issue prior to such distribution, to the surviving grandchildren and to the children of those that were deceased. The share of each beneficiary was made inalienable by him, and was protected against claims of creditors.

The taxpayer did not include the value of the trust property in her 1937 gift tax return on the theory that the sum involved did not exceed the amount of exclusions, of $5,000 for each of six gifts, to which she was entitled under Section 504 (b) of the Revenue Act of 1932, 47 Stat., 169, 247, 26 U.S.C.A. Int.Rev.Acts, page 585.

The Commissioner contended that no exclusion was authorized as the gifts were gifts of future interests. The Board of Tax Appeals held that the gifts of income from the trust were gifts of present interests, each amounting in value to the present worth of the right to receive one-sixth of the income of the trust fund for the period involved. It held further that the gifts of corpus were gifts of future interests.

The principal contention of the petitioner is that the donees received present interests in the corpus as well as in the income of the trust. A correct determination of the issue turns upon the interpretation of Section 504 (b) of the Revenue Act of 1932: "Gifts Less than $5,000. In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year." [1]

The theory was early developed that the donee of a gift, such as the one involved herein, was the trustee. The important consideration was said to be the nature of the interest transferred by the donor. The conclusion reached was that a gift was not in the future if the trustor divested himself of all right and title to the property. Commissioner of Internal Revenue v. Wells, 7 Cir., 88 F.2d 339; Commissioner of Internal Revenue v. Krebs, 3 Cir., 90 F.2d 880; Noyes v. Hassett, D.C.Mass., 20 F.Supp. 31. In the Krebs case, the court went on to say that the beneficiaries received gifts of present interests where income from trusts was to be used for their maintenance and support until they reached the age of twenty-five. The Noyes case also found that the life beneficiaries received gifts of present interests.

Later, other courts determined that the beneficiaries of an irrevocable trust, who receive gifts of present interests, are in reality the donees, in accordance with the intent of the donor and the purpose of Section 504(b) of the Revenue Act of 1932. Welch v. Davidson, 1 Cir., 102 F.2d 100; Rheinstrom v. Commissioner of Internal Revenue, 8 Cir., 105 F.2d 642, 124 A.L.R. 861. In the former case, the court merely remarked in passing that it was conceded that the beneficiaries therein took present interests. In the latter the trustee in his discretion was given the right to accumulate or to distribute the shares of income of certain beneficiaries, but the court held that the enjoyment of the benefits of the gifts, although conditional, was to commence immediately, and was for the sole benefit of the beneficiaries. However, in that case, the discussion did not expressly encompass the corpus of the trust, although neither was it expressly limited to a consideration of the income.

Finally, in 1941, the entire field was clarified by two decisions of the Supreme Court. First, Helvering v. Hutchings, 312 U.S. 393, 61 S.Ct. 653, 85 L.Ed. 909, in effect overruled the doctrine that a completed transfer by the donor to the trust was the controlling element under Section 504 (b). On the contrary, the court held that the beneficiaries were the donees, and that the donor was entitled to separate exclusions of $5,000 for each beneficiary in computing his gift tax. The argument that gifts of

---

[1] Section 504(a), Revenue Act of 1932: "General Definition. The term 'net gifts' means the total amount of gifts made during the calendar year, less the deductions provided in section 505."

future interest might be involved was not raised.

Second, the Supreme Court held future interests gifts to beneficiaries of a trust under the circumstances proved in United States v. Pelzer, 312 U.S. 399, 61 S.Ct. 659, 85 L.Ed. 913. The taxpayer created a trust in 1932; the trustee was to accumulate the income for ten years and thereafter was to pay equal shares of the income to living grandchildren who had reached the age of twenty-one. A provision was made that afterborn grandchildren were to participate in distributions, except in those made prior to their birth. The trust was to terminate twenty-one years after the death of the survivor of named grandchildren, at which time the corpus and accumulated income were to be distributed in equal shares among the surviving grandchildren and the issue of those deceased. The court quoted the reports of the Congressional committee [2] in creating Section 504 (b) and the Treasury Regulations [3] interpreting the same, and found that the regulations, in connection with the gifts in question, were within the competence of the Treasury, and that they accomplished the purpose of the statute as set forth in the committee reports. The court found, further, that the beneficiaries were entitled to no present benefits and to none at all unless they survived the ten-year period of accumulation of income, and concluded that the gifts to them were gifts of future interests.

In the instant case, a share of the corpus of the trust is to be distributed to each grandchild when he becomes twenty-five years old. As a result, possession and enjoyment of the corpus is postponed until the happening of a future event. It is true that in most instances there has been some element of uncertainty with respect to the happening of the future event. [Commissioner of Internal Revenue v. Brandegee, 1 Cir., 123 F.2d 58, and Helvering v. Blair, 2 Cir., 121 F.2d 945, uncertainty as to evaluation where income to be divided among beneficiaries according to discretion of trustee. Ryerson v. United States, 312 U.S. 405, 61 S.Ct. 656, 85 L.Ed. 917, and United States v. Pelzer, supra, uncertainty as to beneficiaries where no right to take unless survive certain event. Commissioner of Internal Revenue v. Boeing, 9 Cir., 123 F.2d 86, uncertainty as to beneficiaries because of survivorship provision, and uncertainty as to distribution of income because dependent on decisions of trustee.]

■ The Treasury regulations and committee reports concerned make no requirement of uncertainty; they merely declare that possession or enjoyment must commence in the future. Commissioner of Internal Revenue v. Glos, 7 Cir., 123 F.2d 548, 550: "Respondent directs our attention to the fact that in the legislative committee reports it was indicated that exemptions were limited to gifts of present interests because at times it is impossible to determine the value of gifts of future interests. True, this was one reason suggested for denying the exemption, but Congress did not limit the term to any specified category of future interests. It included all. As the court said in Welch v. Paine, 1 Cir., 120 F.2d 141, 142: 'It seems clear that the denial of the $5,000 exclusion is broader than the cases in which there might be the "apprehended difficulty" of determining the number of eventual donees and the value of their respective gifts; for it cannot be doubted that a vested and indefeasible legal remainder after a life estate is a "future interest."' "

Therefore, the mere fact that the distribution of the corpus is postponed is enough to make the gifts to the grandchildren future interests.

■ An additional factor is present in the instant case because of the inclusion of a survivorship provision with respect to

[2] H. Rept. No. 708, 72d Cong., 1st Sess., p. 29; S. Rept. No. 665, 72d Cong., 1st Sess., p. 41: "The term 'future interests in property' refers to any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date. The exemption being available only insofar as the donees are ascertainable, the denial of the exemption in the case of gifts of future interest is dictated by the apprehended difficulty, in many instances, of determining the number of eventual donees and the values of their respective gifts."

[3] Treasury Regulations 79 (1936 Edition), Article 11: " * * * 'Future interests' is a legal term, and includes reversions, remainders, and other interests or estates, whether vested or contingent, and whether or not supported by a particular interest or estate, which are limited to commence in use, possession, or enjoyment at some future date or time * * *."

the distribution of corpus. If a grandchild has died prior to his twenty-fifth birthday, his issue are to take in his stead, or, if no issue, his share is to be distributed to the surviving beneficiaries. Unquestionably, if the right to take a gift is dependent upon survivorship at some future time, the gift is one of a future interest. United States v. Pelzer, supra; Ryerson v. United States, supra; Commissioner of Internal Revenue v. Boeing, supra.

The taxpayer contends that three recent decisions argue in favor of her view. In Welch v. Paine, 1 Cir., 130 F.2d 990, 992, the court says in passing: "Here the beneficiaries were not given the absolute right to present enjoyment of the income nor to present possession or enjoyment of the corpus." However, nothing in that case indicates that if either were present, that alone would be enough to make a gift a present interest. We think the case of Smith v Commissioner of Internal Revenue, 8 Cir., 131 F.2d 254, rests on an insecure foundation, being based, as it is, on the court's view of the purpose of the settlor. However, the case can also be distinguished from the instant case on its facts. Commissioner of Internal Revenue v. Lowden, 7 Cir., 131 F.2d 127, discusses only a gift of income from a trust and finds that in the circumstances under consideration the beneficiaries received gifts of present interests. No mention is made therein of the status of the corpus, which causes the principal difficulty in the case at bar. Therefore, none of the above-cited cases sustain appellant's contention.

█ We hold that the gifts of corpus in the instant case were gifts of future interests, and that as a result, the taxpayer was entitled to no exclusions under the provisions of Section 504 (b) of the Revenue Act of 1932.

The taxpayer's assertion that there could be only one gift to each beneficiary and that that gift could not at the same time be both a present interest and a future interest in property, is erroneous. Whether each beneficiary is considered as having received one gift or two, there can be no doubt but that, under the terms of the trust agreement, each was given two distinct kinds of interests. No reason has been advanced, and we know of none, that would militate against the receipt of such separate interests by one beneficiary.

█ The Board of Tax Appeals concluded that in the instant case the gifts of

trust income were present interests. No contention is made to the contrary. However, the taxpayer argues that such present interests should be evaluated upon the period of the life expectancies of the six named donees, rather than upon the period between their twenty-first and twenty-fifth birthdays.

The argument cannot be sustained as the present interest in income given each beneficiary is the right to receive the same until he is twenty-five. Thereafter, he receives the corpus, together with all the attributes of ownership.

An owner's right to receive income from his property is a right different from that to receive annual payments of net income from trust property. We agree with the opinion of the court in Charles v. Hassett, D.C.Mass., 43 F.Supp. 432, that the result is anomalous, but we agree that no other decision can be reached if the payment of principal at a future date is a future interest for gift tax purposes.

The decision of the Board of Tax Appeals is affirmed.