JESSE S. PHILLIPS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 17794, 19081.   Promulgated February 21, 1949.

*Thomas H. Bivin, Esq.*, for the petitioner.
*Ellyne E. Strickland, Esq.*, for the respondent.

220

OPINION.

VAN FOSSAN, *Judge* : The question involved is whether the petitioner is entitled, in computing his gift taxes for 1944 and 1946, to the statutory exclusion as to each gift. The determination of this question is dependent upon whether or not the interests acquired by the donees are "gifts of future interests in property" within the meaning of section 1003 (b) (3) of the Internal Revenue Code and Regulations 108, sec. 86.11.

The petitioner contends that the gift of a life interest to his wife under schedule A and the gifts of corpus to the named beneficiaries under schedules B through G, all conveyed by him in 1944, are not gifts of future interests in property, but are gifts *in praesenti* of present interests.

A "present interest" has been defined as the right to the present enjoyment of the corpus or of the income therefrom, and a "future interest" as any interest or estate, whether vested or contingent, limited to commence in possession or enjoyment at a future date. *Ryerson v. United States*, 312 U. S. 405; *United States* v. *Pelzer*, 312 U. S. 399;

Regulations 108, sec. 86.11, and prior regulations.  H. Rept. No. 708, 72d Cong., 1st sess., p. 29; S. Rept. No. 665, 72d Cong., 1st sess., p. 41. In determining whether the gifts herein were gifts of present or future interests, as stated in *Commissioner* v. *Glos*, 123 Fed. (2d) 548:

> We are not concerned with any nice distinction between contingent and vested remainders, for Congress has included all future interests.  The sole statutory distinction between present and future interests lies in the question of whether there is postponement of enjoyment of specific rights, powers or privileges which would be forthwith existent if the interest were present.  This is within the recognized significance of the term "future interest".   *   *   *

The petitioner transferred to the trustees, for the benefit of his wife, a policy of insurance of the value of $3,146.29, with the direction to pay the net income therefrom to his wife during her life, provided that, if the net income therefrom was inadequate for her proper support, maintenance, and medical care, she was to be paid from the principal of the trust estate such amount as might be necessary for her proper support, maintenance, and medical care.

It is argued by petitioner that, since the grantor knew there was no income from the property transferred to such trust, it follows that the beneficiary had only to have the needs referred to arise and she could use the corpus; and, further, since the gift was not income-producing, it would follow that the language of the trust would stand as a direction to the trustees, compelling them to borrow on or surrender the life insurance policy for cash in order to defray the wife's proper support, maintenance, and medical care.  Implicit in such argument, there is a concession that the trustees were not compelled to act to apply the corpus for the support, maintenance, and medical care of the wife until necessity therefore arose.

The nature of the interest of the donee is to be determined as of the date of the gift.  *Commissioner* v. *Brandegee* (CCA–1), 123 Fed. (2d) 58; *Commissioner* v. *Gardner*, 127 Fed. (2d) 929.  There is no showing that on the date of the gift the necessity for the application of the corpus for the purposes designated existed.  The burden of showing the existence of such necessity on the date of the gift rested upon petitioner, i. e., that the gift was not one of future interest.  *Commissioner* v. *Disston*, 325 U. S. 442.  The mere fact that the distribution of the corpus is postponed is enough to make the gift a gift of a future interest.  *Fisher* v. *Commissioner* (CCA–9), 132 Fed. (2d) 383; *Fondren* v. *Commissioner*, 324 U. S. 18, wherein it is stated:

> *   *   *   contingency of need in the future is not identical with the fact of need presently existing.  And a gift effective only for the former situation is not effective, for purposes of relief from the tax, as if the latter were specified, whether the donee is an adult or a minor.

Since the distribution of the corpus for the wife's benefit was dependent upon her need therefor, her right to the corpus was not absolute and immediate, but conditioned upon a contingency which might never arise. Her interest therein was a future interest and hence the petitioner is not entitled to the $3,000 exclusion under section 1003 (b) (3).

The respondent has conceded that petitioner is entitled to the statutory exclusion of $3,000 in computing his tax liability for 1946 on account of the value of the right of petitioner's wife to receive the income from the securities transferred to the trust created in 1944 in her favor. The petitioner contends that the gift in 1946 was also a gift of a present interest as to the corpus for the life of his wife, but, as only one exclusion is allowable on any gift, he does not argue the point on brief.

What we have stated in regard to the nature of the original gift in 1944 is equally applicable with respect to the gift in 1946. The use of the corpus consisting of the securities was dependent upon the arising of the need of the wife for support, maintenance, and medical care, which need was not shown to have existed at the time of the gift in 1946. Her enjoyment of the corpus acquired by the trust in 1946 was not absolute and immediate, but dependent upon her need, which might not arise during her lifetime. Her interest in the gift of securities was therefore a future interest.

There is no question as to the gift over, upon the death of petitioner's wife, to petitioner's son and daughter. The petitioner concedes their interests are future interests.

With respect to the 1944 gifts, under schedules B and C, for the benefit of petitioner's son and daughter, respectively, the trust agreement provides for the payment quarterly of the net income and for the distribution of the corpus on December 31, 1949.

The petitioner does not contend that these beneficiaries have the right to invade the corpus as in the case of the trust for his wife, but he argues that the postponement of distribution of corpus for a five-year period, as provided in the trust agreement, is within the rule of the "barrier of a substantial period" enunciated by the Supreme Court in *Fondren* v. *Commissioner, supra,* particularly since there is a provision for the payment of income quarterly during the five-year period. He further argues that the beneficiaries received a substantial economic benefit and that nothing can defeat the rights of these beneficiaries as to ownership, use, or enjoyment, as each gift is irrevocable and vested, and passes into the estates of the beneficiaries should they die before December 31, 1949, the date of distribution of corpus.

Although the trustees were directed in the trust agreement to pay the net income of these trusts quarterly to the beneficiaries until December 31, 1949, this direction was abortive and impossible of fulfillment, because the corpus was nonincome-producing property. This the petitioner knew when he made the gifts. In *Commissioner* v. *Boeing* (CCA–9), 123 Fed. (2d) 86, taxpayer irrevocably transferred to a trustee six insurance policies on his own life. Under the trust agreement the net income was payable one-half to his wife and son, the immediate beneficiaries, during their respective lives, or to the survivor thereof. The court therein stated:

\* \* \* Clearly, the beneficiaries have no right to the present enjoyment of the policy proceeds, and they will never have that right unless they survive the trustor, or, in any event, unless they survive the possible lapse of the policies. Their use and enjoyment are "postponed to the happening of a future uncertain event" \* \* \*

The *Fondren* case lays down no rule that some postponement of enjoyment is permissible, as suggested by petitioner. It specifically states: "The question is not when title vests, but when enjoyment begins." A vested right is not enough; the donee, in addition, must have the right to use, possess, and enjoy the property presently. "The important thing is the certainty of postponement, not certainty of the length of its duration." See *Commissioner* v. *Disston*, *supra*, wherein it is stated:

\* \* \* In the absence of some indication from the face of the trust or surrounding circumstances that a steady flow of some ascertainable portion of income to the minor [or adult donee] would be required, there is no basis for a conclusion that there is a gift of anything other than for the future. \* \* \*

The complete divestiture by the donor of all interest in the property transferred to the trusts does not constitute any of the transfers involved a gift of a present interest. The interest of the beneficiary in the trust estate or its income is controlling. *Commissioner* v. *Gardner*, *supra*.

The gifts under schedules B and C to the son and daughter, in our opinion, were gifts of future interests.

The foregoing is equally applicable to the gifts under schedule F and schedule G to the two grandsons, the corpus of each of which consisted of insurance policies, except that the trust under schedule F received 20 shares of stock of the value of $290, to which no reference has been made in petitioner's arguments.

As to the gifts under schedule D and schedule E to the two granddaughters, the Commissioner concedes that the petitioner is entitled to exclusions to the extent of the value of the right to receive income, or $617.52 and $955.46.

It is argued by the petitioner that the gifts to the minors are absolute in trust, that the trust agreement contains no conditions or limitations upon the gifts, and that the gifts to the minor beneficiaries can not be defeated, since the corpus will pass to their respective estates and to their heirs upon death prior to their reaching 18 years of age. While the trust agreement provides for the distribution of the income for the benefit of these minor donees, it directs the trustees to hold the corpus until the donee reaches the age of 18 years, whereupon it is to be distributed. As stated in the *Fondren* case, *supra:*

\* \* \* Whenever provision is made for *immediate application* of the fund for such purpose [a minor's benefit], whether of income or of corpus, the exemption applies. \* \* \* [Emphasis supplied.]

Here there is provision for the immediate application of the income for the benefit of the minor donee, but there is no provision for the immediate application of the corpus, in whole or in part, for such purpose. The use and enjoyment of the corpus were postponed to some time in the future. The gifts as to the corpus under schedule D and schedule E, therefore, were gifts of future interests.

*Decision will be entered under Rule 50.*