ESTATE OF CHARLES C. SMITH, DECEASED, FRANCES H. SMITH, AND PROVIDENT TRUST COMPANY OF PHILADELPHIA, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35027. Filed November 29, 1954.

*Graham French, Esq.*, for the petitioner.
*Stanley W. Herzfeld, Esq.*, for the respondent.

OPINION.

LeMire, *Judge:* The respondent determined a deficiency in gift taxes for the year 1948 in the amount of $604.92.

The issue for determination is whether decedent is entitled to a marital deduction with respect to the sum of $5,041 which he paid to insurance companies as premiums on life insurance policies on his life which he had transferred in trust.

All of the facts have been stipulated and are incorporated herein as our findings of fact.

The decedent filed a gift tax return for the calendar year 1948 with the collector of internal revenue for the first collection district of Pennsylvania.

In computing net gifts on such return a marital deduction of $5,520.50 was claimed, representing one-half of the total $6,000 given outright to his wife and $5,041 representing premiums on life insurance policies held by the Provident Trust Company of Philadelphia, as trustee.

In determining the deficiency in controversy the respondent disallowed the marital deduction claimed to the extent of $2,520.50, or one-half the amount spent for premiums.

On November 23, 1934, the decedent created a trust by deed. The provisions of the trust instrument, material here, read as follows:

I, CHARLES C. SMITH, at Philadelphia, Pennsylvania, hereby irrevocably assign and deliver to PROVIDENT TRUST COMPANY OF PHILADELPHIA, and its Successors, the Life insurance policies set forth in the Schedule hereto annexed, In Trust, for the following uses and purposes:

*FIRST: Trust Provisions:* Trustee shall collect and receive all sums payable to or expended on behalf of such beneficiary by Trustee, in such manner as shall hold and apply said sums and the net income therefrom in accordance with the following terms and provisions:

(a) If my wife's mother, Lillian W. Hayward should be living at my decease, in such case Trustee shall set aside Ten Thousand Dollars out of the principal of this Trust and shall retain said sum, In Trust, for the following uses and purposes:

I. Until the death of my wife's mother or until the death of my wife, Frances Hayward Smith, whichever shall first occur, Trustee shall distribute the net income and any part or all of the principal of the Trust provided for by this paragraph (a) as my wife may from time to time by a writing lodged with Trustee order and direct; and in default at any time of such direction by my wife, Trustee shall pay the net income from the principal held under this paragraph (a) to my wife's mother.

*     *     *     *     *     *     *

(b) Subject to the provisions of paragraph (a) of this First Section, Trustee shall hold the principal of said Trust and shall pay the net income therefrom to my wife, Frances Hayward Smith, for her life. Trustee shall also pay to my wife such sums out of the principal held under this paragraph (b) as she may from time to time in writing request Trustee to pay to her; provided, however, that such payments to my wife out of principal under the terms of this paragraph (b) shall not exceed in the aggregate Twenty-five thousand Dollars. I authorize Trustee also to pay to my wife, or expend for her benefit, such sums out of the principal held under this paragraph (b) as Trustee may from time to time deem necessary for her proper comfort and support.

At the decease of my wife, Frances Hayward Smith, Trustee shall distribute the principal then held under this paragraph (b) to such persons and in such manner and shares and for such estates or upon such trusts as my said wife may have directed and appointed by her last Will; and in default of such direction and appointment, then to the persons who would have been entitled thereto, under the then existing Intestate Laws of the State of Pennsylvania, had I died intestate, at that time, seized and possessed thereof.

\*     \*     \*     \*     \*     \*     \*

*THIRD: Principal Expenditures:* Trustee may expend out of the share of principal from which any beneficiary under this Deed may be receiving income such sums as Trustee may consider to be for the best interest of such beneficiary, during illness or emergency of any kind.

*FOURTH: Right in Trustee to Borrow on Policies:* I authorize Trustee during my lifetime, if in the opinion of Trustee, in its sole discretion, it would be advisable so to do, to borrow on any policy or policies of insurance held hereunder, for the purpose of raising funds for any beneficiary hereunder who in the opinion of Trustee may be in need of such funds; the amounts so borrowed to be paid to or expended on behalf of such beneficiary by Trustee, in such manner as Trustee in its sole discretion may determine.

\*     \*     \*     \*     \*     \*     \*

*THIRTEENTH: Settlor's Relinquishment of Rights under Policies:* It is hereby understood and agreed that, simultaneously with the execution of this Deed, I, the said Charles C. Smith, give up and relinquish the following rights as the insured under said policies of insurance, to wit: (1) the right to change beneficiaries, (2) the right to further assign the policies held under this Deed, (3) the right to borrow on policies, (4) the right to receive dividends or any other payments to insured under said policies, and (5) the right to surrender said policies and receive the cash surrender values thereof.

After the execution of the trust deed the decedent assigned certain life insurance policies on his life to the trustee.

From the date the trust was created to December 1948, the corpus of the trust consisted only of the life insurance policies, and the trust never realized any distributable income.

On April 9, 1948, the decedent paid the premium of $3,006 on policy No. 5791043, issued by the Prudential Insurance Company of America, and on May 14, 1948, he paid the premium of $2,035 on policy No. P–625039, issued by the Aetna Life Insurance Company, which were among the policies assigned to the trustee under the aforesaid trust.

Lillian W. Hayward, a beneficiary, died on November 26, 1938.

Charles C. Smith, the settlor of the trust, died testate on August 7, 1954.

The petitioners claim a marital deduction in computing net gifts for the year 1948 with respect to insurance premiums paid on the life insurance policies transferred to the trust. The applicable provision involved is section 1004 (a) (3) (E) of the 1939 Internal Revenue Code.[1] This section allows a marital deduction for gifts to a trust for the benefit of the donor's surviving spouse, if the beneficiary is entitled to all the income from the corpus of the trust for life, payable annually or at more frequent intervals, with the power in the donee spouse to appoint the corpus free of the trust to herself or her estate.

The petitioners contend that the trust instrument meets the requirements of the statute and that the regulations prescribed by the respondent relative to the payment of income are invalid. Regs. 108, sec. 86.16a, 1949-1 C. B. 231. The regulations are rather extensive and we will refer only to that part material to the narrow issue presented.

At the time of the transfers in question the corpus of the trust consisted solely of insurance policies on the life of the settlor spouse. The settlor knew and intended that the trust would not provide any economic benefits until his death would bring into the trust the proceeds of the policies. Then, and only then, would the trust have unrestricted property which would produce an income for his wife.

The regulations material here, Regs. 108, sec. 86.16a (b), provide that the beneficiary must be the virtual owner of the property during her life. The regulations further provide:

---

[1] SEC. 1004. DEDUCTIONS.

\* \* \* \* \* \* \*

In computing net gifts for the calendar year 1943 and subsequent calendar years, there shall be allowed as deductions:

(a) RESIDENTS.—In the case of a citizen or resident—

\* \* \* \* \* \* \*

(3) GIFT TO SPOUSE.—

\* \* \* \* \* \* \*

(E) Trust with Power of Appointment in Donee Spouse.—Where the donor transfers in trust an interest in property, if under the terms of the trust his spouse is entitled for life to all the income from the corpus of the trust, payable annually or at more frequent intervals, with power in the donee spouse to appoint the entire corpus free of the trust (exercisable in favor of such donee spouse, or of the estate of such donee spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the corpus to any person other than the donee spouse—

(i) the interest so transferred in trust shall for the purposes of subparagraph (A), be considered as transferred to the donee spouse, and

,(ii) no part of the interest so transferred in trust shall, for the purposes of subparagraph (B) (i), be considered as retained in the donor or transferred to any person other than the donee spouse.

This subparagraph shall be applicable only if, under the terms of the trust, such power in the donee spouse to appoint the corpus, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

a power to retain trust assets which consist substantially of unproductive property will not disqualify if the applicable rules for the administration of the trust require the trustee to either make the property productive or convert it within a reasonable time. Nor will such a power disqualify if such applicable rules require the trustee to use the degree of judgment and care in the exercise of the power which a prudent man would use if he were owner of the trust assets. * * *

A trust will not qualify if its primary purpose is to safeguard property without providing the spouse with the required beneficial enjoyment. Such trusts include not only trusts which expressly provide for the accumulation of the income but also trusts which indirectly accomplish a similar purpose. For example, assume that the corpus of a trust consists substantially of property which is not likely to be income producing during the life of the spouse and that such spouse cannot compel the trustee to convert or otherwise deal with the property as described above. Such a trust will not qualify unless the trustee is directed to provide the required beneficial enjoyment, such as by payments to the spouse out of other assets of the trust.

The petitioners rely on subparagraph (b) of paragraph First of the trust deed which provides that "Subject to the provisions of paragraph (a) of this First Section, Trustee shall hold the principal of said Trust and shall pay the net income therefrom to my wife, Frances Hayward Smith, for her life."

There is no provision in the trust deed giving the settlor's wife the right to compel the trustee to convert the insurance policies into income-producing property.

The tenor of the trust deed is that it was the settlor's intention to have the policies retained by the trustee until his death, and to have such income as was received by way of dividends on the policies devoted to their preservation.

The direction contained in subparagraph (b) of the trust deed's paragraph First, respecting the payment of income, was without any substance and impossible of fulfillment, because the entire corpus was of non-income-producing property. *Jesse S. Phillips*, 12 T. C. 216, 223; *Commissioner* v. *Boeing*, 123 F. 2d 86.

Treasury regulations are ordinarily valid unless unreasonable or inconsistent with the statute. *Fawcus Mach. Co.* v. *United States*, 282 U. S. 375; *Commissioner* v. *Wheeler*, 324 U. S. 542. If not unreasonable or plainly inconsistent with the statute they should not be overruled except for weighty reasons. *Commissioner* v. *South Texas Lumber Co.*, 333 U. S. 496, 501. We think the regulations here involved in no way extend the statute but rather follow both the letter and spirit of the law. We hold that they are valid.

Accordingly, we sustain the respondent's disallowance of the marital deduction claimed with respect to the gifts of insurance premiums made in the tax year 1948.

*Decision will be entered for the respondent.*