HARBECK HALSTED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57648. Filed August 28, 1957.

*Isadore Cassuto, Esq.,* for the petitioner.
*Samuel B. Sterrett, Esq.,* for the respondent.

OPINION.

RAUM, *Judge:* 1. The correctness of respondent's disallowance of the exclusions, claimed under section 1003 (b) (3),[2] turns on whether petitioner's payments to the trusts were gifts of "future interests" to Hedi Halsted. Petitioner contends that section Second of the trust agreements gave his wife the power to demand and receive the trust property at any time and that she therefore did not have a future interest in that property.

Respondent, on the other hand, argues that petitioner intended to give his wife a power which was exercisable only after his death. In the alternative, respondent contends that even if Hedi was given a power over "principal" during her husband's life, petitioner did not intend to include the insurance policies in the "principal" which was subject to that power. We do not agree; we think that under the trust agreements, fairly construed, Hedi had the power, exercisable at all times, to obtain the principal which included the insurance policies.

The grant of power to Hedi Halsted in section Second is unambiguous. The trustee is directed to give to her, at her request, any por-

---

[2] Internal Revenue Code of 1939.
SEC. 1003. NET GIFTS.
  (b) EXCLUSIONS FROM GIFTS.—
  \*        \*        \*        \*        \*        \*        \*
  (3) GIFTS AFTER 1942.—[As added by Section 454 of the Revenue Act of 1942] In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

tion or all of "the principal of the said trust fund held for her benefit."

Respondent points to the words "held for her benefit," and maintains that inasmuch as income of the trusts in excess of that needed to make premium payments was to be paid to petitioner until his death, the principal was not held for Hedi's benefit until after that event, with the consequence that she had no right under section Second to demand that the policies be transferred to her. We think that there is no merit to this highly artificial argument.

The assignments of the policies to the trustees were absolute, and petitioner retained no power to make loans against the policies, to receive their cash surrender value, or to change the beneficiaries. Nor did he reserve power to revoke or alter the trusts. Petitioner did retain a testamentary power to appoint the corpus of the trust in the event he died after his wife with none of his issue surviving. It could, perhaps, be argued that he had additional powers arising from his right to add to corpus, and his obligation to continue to contribute the amounts required to pay the premiums. But we think the retention of these powers, if they can properly be called such, does not lead to the conclusion that the trust property was held primarily for petitioner's benefit during his life. We conclude that the policies were taken out, and held in trust, primarily for Hedi's benefit.

Petitioner's counsel acknowledged that certain securities were also held in trust, and it is in connection with that property that respondent's argument may have greater persuasiveness. However, it is clear from the agreements that the first call against the income from these securities was for payment of the insurance premiums. We cannot hold that the trust property, consisting mainly of the life insurance policies, was held for the benefit of petitioner merely because he had the right to add additional property to the trusts which might bring in sufficient income to make him an income beneficiary.

To strengthen his position respondent turns next to the provisions for the distribution of the trust property. He argues that petitioner did not intend to give Hedi a power, exercisable during his life, to defeat the interests of his surviving issue. We cannot give much weight to this argument.

It is not unusual for a beneficiary-spouse having certain rights to income to be given additional rights to corpus even though it is clear that the exercise of the additional rights will diminish or destroy the interests left to others. In the event Hedi survived petitioner, section Second clearly grants her the power to defeat the interests of petitioner's issue, and there is nothing in the agreements which would indicate that he felt more strongly about the extinguishment of those interests during his life.

Respondent contends alternatively that "principal" in section Second does not include the insurance policies, and that if section Second

gave Hedi a power exercisable during her husband's life, such power extended only to trust property other than the policies.

We have been shown nothing in the agreements or in the law of New York which convinces us that "principal" means something other than the property placed in the trusts. We, therefore, cannot accept respondent's conclusion that "principal" was used by the parties to these agreements exclusively as a reference to future additions to the trusts, and not in connection with the property transferred to the trusts at the time they were created.

Respondent attempts to bolster his position by maintaining that Hedi's power under section Second is limited to requesting a "sum or sums." Respondent reads the quoted words as a bar to any request for the policies or a sum that would require their surrender for cash. It is interesting to note that this argument could as well be applied to securities, and, if accepted, would give petitioner's wife a power to demand only the amount of cash held by the trustees at the time of the demand.

However, section Eighth, set forth in our findings, is answer enough to respondent's argument. The fact that the trustee is given the right to determine whether the policies themselves or their cash surrender values are to be distributed does not affect our conclusion.

Finally, the trust agreements are not divided into sections in a way that would make it obvious that the power over principal was limited in time to the period in which Hedi is to receive income. Cf. *Charles C. Smith*, 23 T. C. 367. The grant of power over principal is contained in a separate section unmodified by any other provision in the instrument.

Petitioner's wife was entitled to demand the trust property from the day the trusts were created. She could have had the use, possession, and enjoyment of the trust property any time she chose to exercise her power. This we conclude is sufficient to preclude the classification of her interest as a "future interest." *Fondren* v. *Commissioner*, 324 U. S. 18.

2. The remaining issue is whether petitioner is entitled to the marital deduction under section 1004 (a) (3). It is clear that while Hedi did not have a "future interest" she did have a "terminable interest" within the meaning of section 1004 (a) (3) (B). Petitioner, however, argues that the exception to the terminable interest rule contained in section 1004 (a) (3) (E)[3] entitles him to the deduction. We do not agree.

---

[3] Internal Revenue Code of 1939.

SEC. 1004. DEDUCTIONS [as amended by section 455 of the Revenue Act of 1942, effective as to calendar years beginning with 1943].

In computing net gifts for the calendar year 1943 and subsequent calendar years, there shall be allowed as deductions:

Petitioner concedes that the terms of the trust do not entitle Hedi to *all* the income from the trust during her whole life. He asks us to overlook this failure to meet the requirements of the section and uphold his claim to the deduction on the ground that section Second of the trust agreements gives his wife a sufficient beneficial interest in the property to justify the deduction.

We have been shown nothing to warrant such a construction of the statute. The plain wording of the trust agreements makes it obvious that the specific requirements of section 1004 (a) (3) (E) have not been met.

We are not unmindful of the fact that petitioner never received any income from the trust; that under our holding on the first issue his wife was entitled to call for all of the trust property, and that the trust property was primarily composed of non-income-producing property. Nevertheless, the terms of the trust do not entitle Hedi to whatever income was produced during Harbeck's life. True, she had power to call for the corpus of the trust during his life, but this power when not in conjunction with the requisite rights to income does not satisfy the statute.

Accordingly we hold that respondent did not err in disallowing the marital deduction.

*Decision will be entered under Rule 50.*

(a) RESIDENTS.—In the case of a citizen or resident—

* * * * * *

(3) GIFT TO SPOUSE [as added by section 372 of the Revenue Act of 1948, enacted April 2, 1948].—

* * * * * * *

(E) Trust with Power of Appointment in Donee Spouse.—Where the donor transfers in trust an interest in property, if under the terms of the trust his spouse is entitled for life to all the income from the corpus of the trust, payable annually or at more frequent intervals, with power in the donee spouse to appoint the entire corpus free of the trust (exercisable in favor of such donee, spouse, or of the estate of such donee spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the corpus to any person other than the donee spouse—

(i) the interest so transferred in trust shall, for the purposes of subparagraph (A), be considered as transferred to the donee spouse, and

(ii) no part of the interest so transferred in trust shall, for the purposes of subparagraph (B) (1), be considered as retained in the donor or transferred to any person other than the donee spouse.

This subparagraph shall be applicable only if, under the terms of the trust, such power in the donee spouse to appoint the corpus, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.