## GREENOUGH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 2911.

Circuit Court of Appeals, First Circuit.

Dec. 1, 1934.

Bartlett Harwood, of Boston, Mass. (W. Sidney Felton, of Boston, Mass., on the brief), for petitioner for review.

J. Louis Monarch, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for Commissioner of Internal Revenue.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals and involves the application of section 219 (h) of the 1926 Revenue Act (26 USCA § 960 note) and section 167 of the 1928 Revenue Act (26 USCA § 2167). The years involved are 1927, 1928, and 1929.

The provisions of the above sections are alike in their pertinent provisions and are as follows:

"Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, * * * such part of the income of the trust shall be included in computing the net income of the grantor."

The petitioner, on becoming of age on January 22, 1925, came into possession and enjoyment of property worth approximately $770,000, and also acquired a vested right to all income from a certain fund of approximately $400,000. The income from the latter sum did not enter into the decision of the Board of Tax Appeals and is not involved here.

On May 22, 1925, the petitioner executed an indenture of trust whereby he transferred to the Old Colony Trust Company and

Charles P. Greenough, 2d, and himself as trustees, substantially all the assets which he received in his own right on becoming of age.

The provisions of the trust indenture pertinent to the issue here are as follows:

"First: To hold, sell, invest and reinvest the same in their sole discretion, and *to pay over the net income therefrom to me, the said Malcolm W. Greenough, quarterly or oftener if I so request,* during the term of five (5) years from the date hereof and thereafter until I shall in a writing addressed to the Trustees direct the termination of the Trust and the delivery of the Trust Estate." (Italics supplied.)

"Third: Prior to the expiration of said term of five (5) years this trust shall not be subject to revocation, alteration or amendment, but, after the expiration of said term, I reserve the right to extend, alter, amend or revoke the same.

"Fourth: The Trustees hereunder shall at all times be two (2) individuals and one (1) trust company. Any one of the Trustees may be removed by a written communication to that effect delivered to him or it and signed by the remaining two (2) trustees, provided, however, that I may not be so removed. If I shall hereafter establish legal residence in another state, I reserve the right to nominate as successors to the present trustees an individual and a trust company having residence and doing business in the state of my then residence and, upon receipt from me of a written statement to the effect that I have established such residence (upon which statement the Trustees may rely conclusively), the remaining trustees shall join with me in transferring the trust property to the new trustees.

"Eighth: The trustees are hereby given power and authority to invest or reinvest the trust fund in such amounts and to such extent and in such property as they may see fit and to retain any investment notwithstanding that such investment may be a wasting investment or would not be sanctioned by a court in equity, and they are particularly authorized to retain a large part of the trust property in Common or in Preferred stocks of corporations if they deem it advisable, and if any stocks, bonds or securities are retained or purchased by the trustees at a premium above their par value or are wasting securities the trustees may if they see fit so to do regard the whole of the dividends or interest on said securities as income or may retain part of the income of any investment to strengthen the principal against possible loss or waste and *they may generally determine in their discre-* *tion what receipts shall be deemed income and what principal,* and what expenses and charges shall be charged to principal and what to income. They may treat all stock dividends and rights to subscribe or the proceeds of the sale thereof as either income or capital as they may deem best." (Italics supplied.)

In each of the years 1927, 1928, and 1929 the trustees realized gains from the sale of securities and of stock rights. All of the income of the trust for the years 1927, 1928, and 1929, exclusive of profits realized from the sale of securities (including in 1929, $1,-125 from the sale of rights to subscribe to shares of stock), was included in the original returns of the petitioner, but none of the profits realized from the sale of securities or of the sale of stock rights. The respondent, in determining the deficiencies involved herein, added to the net incomes returned by the petitioner the profits realized by the trustees from the sales of securities and stock rights.

It is urged that, under decisions of the Massachusetts Supreme Court, gains from the sale of trust assets are treated as capital gains, as well they might be, especially where there is a remainder over to others than the one entitled to the income, and the provisions of the trust make no provision for such gains being treated as income.

Congress, however, has set up criteria of its own in assessing income taxes, and the federal courts are governed by congressional standards rather than those of any state. Weiss v. Wiener, 279 U. S. 333, 337, 49 S. Ct. 337, 73 L. Ed. 720.

While the trust in this instance was undoubtedly created to preserve the assets, no other person than the grantor was interested in the corpus of the trust; and the grantor and the other two trustees could determine at all times what receipts should constitute capital and what income, and when it should be paid to the petitioner as income.

Inasmuch as the sections of the 1926 and 1928 Acts above referred to provide that, where the grantor in his discretion may, in conjunction with any person not a beneficiary under a trust, distribute any or all of the income of the trust to the beneficiary, such income is taxable, it also follows, we think, that where the grantor under this trust, in conjunction with the other two trustees, neither of whom is a beneficiary, may determine in their discretion not only what receipts are income, but also when it shall be distributed to the grantor, such receipts are taxable as income.

While the trustees did not so determine in this instance, the tax under the sections referred to is assessed according to what *may be done* under the trust. As the court said in Kaplan v. Commissioner of Internal Revenue (C. C. A.) 66 F.(2d) 401, 402: "We think the statute means that if under any circumstances or contingencies any part of the accumulated income might inure to the benefit of the grantor such portion of the income is taxable to him."

We think the Board of Tax Appeals properly sustained the Commissioner in assessing a deficiency tax on the gains from the sales of securities and stock rights in the years in question as coming within the provisions of sections 219 (h) and 167 above quoted.

The decision of the Board of Tax Appeals is affirmed.