864

WILLIAM M. IRISH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100694.   Promulgated March 11, 1941.

*H. B. McCawley, Esq.*, for the petitioner.
*Bernard D. Daniels, Esq.*, for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of deficiencies in income tax for the years 1935 and 1936 of $193.16 and $1,140.52, respectively. The petitioner alleges that the respondent erred in including in his gross income the capital gains of a trust created by the petitioner on June 29, 1935, of which trust the petitioner was entitled to receive the income for life.

All of the facts in the case are covered in a written stipulation of facts, which is incorporated herein by reference.

Petitioner has his residence at Green Hill Farms, Overbrook, Pennsylvania. He filed his income tax returns for the years 1935 and 1936 with the collector for the first district of Pennsylvania, at Philadelphia.

On June 29, 1935, the petitioner executed a trust in the city of Philadelphia, transferring securities having a value of approximately $250,000 to trustees and reserving to himself the income of the trust for life. Upon his death the trust was to pay small annuities to two individuals, provided such amounts did not exceed 20 percent of the net income of the trust, and pay the remainder of the net income equally to the grantor's son and daughter. Upon the death of the two annuitants the trust was to terminate and the corpus was to be distributed equally to the grantor's son and daughter. The trust also provided cross remainders to the son and daughter or their issue, both as to income and principal. The grantor reserved no power whatsoever over the management of the trust, leaving the conduct thereof to three trustees, one his son, the second his son-in-law, and the third Norman S. McCausland, who was not related to the grantor by blood or marriage. This third trustee was named

managing trustee and it was provided that, in the event of an emergency, of which he should be the sole judge, he might, with the approval of one of the other trustees, transact any business of the trust with the same force and effect as if all three trustees had joined therein.

The trust indenture, in addition to providing that the income of the trust should be paid to the grantor for life, contained a provision permitting "the withdrawal by Settlor from the principal in any one year of a sum not exceeding $18,000, such right of withdrawal not to be cumulative."

It was further provided that:

13. This deed shall be irrevocable except in the event of the death of both William M. Irish, III, and Desire Irish Muller in the lifetime of Settlor, in which event, at the option of Settlor, this deed may be revoked.

During the years 1935 and 1936 the trustees made sales of a part of the securities of the trust corpus, upon which net taxable capital gains were realized of $644.20 in 1935, and $2,073.67 in 1936.

The petitioner made no withdrawals from the corpus of the trust during the years 1935 and 1936.

The parties have stipulated that:

8. The fair market value of the corpus of the trust on June 29, 1935, and December 31 in each of the years 1935 and 1936, and the average value of said corpus of the trust was as follows:

```
6/29/35 – Value as per Gift Tax Returns_____ $249,933. 41
12/31/35 – Market Value of Securities___ $273,864. 88
            Cash on Hand_____    5,447. 83   279,312. 71
                  Average value for the year 1935_____ $264,623. 06
12/31/36 – Market Value of Securities___ $347,303. 75
            Cash on Hand_____      584. 07   347,887. 82
                  Average value for the year 1936_____ $313,600. 26
```

The respondent has determined that the petitioner is taxable on all of the income of the trust, including the capital net gains on the sales of the corpus, stating in his deficiency notice that:

Inasmuch as by the terms of the trust you have power to revest title to part of the corpus of the trust in yourself, you are deemed liable to income tax with respect to the income resulting from sales of corpus assets. See Section 166. Revenue Acts of 1934 and 1936.

Counsel for the respondent stated at the hearing that the respondent further relies upon sections 167 and 22 (a) of the Revenue Acts of 1934 and 1936. The pertinent provisions of the statute read in part as follows:

SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor, * * *

*            *            *            *            *            *            *

then the income of such part of the trust shall be included in computing the net income of the grantor.

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; * * *

SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION. — "Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

The petitioner raises no question as to his tax liability on the distributable income of the trust, which was reserved to him for life, and he concedes in this proceeding that he is taxable under section 166 above on the capital gains of that portion of the trust corpus which he had the power to revest in himself under the terms of the trust indenture.

It is petitioner's contention that under the laws of the Commonwealth of Pennsylvania, which govern the administration of the estate as to the determination of distributable income (*Freuler* v. *Helvering*, 291 U. S. 35), the capital gains derived from the sale of trust corpus did not constitute income of the trust distributable to him as life beneficiary, but were accretions to corpus. In this contention the petitioner relies upon *In re Nirdlinger's Estate*, 290 Pa. 457; 139 Atl. 200; *In re Waterhouse's Estate*, 308 Pa. 422; 162 Atl. 295. The ruling of the Supreme Court of Pennsylvania in those cases was that so much of the proceeds from the sale of stock by a trustee as are required to preserve the "intact value" of the trust estate go to the trustee for corpus and that the balance of such proceeds, that is, the increase, is to be apportioned between the life tenant and the remainderman (corpus), the life tenant being entitled to receive as distributable income that portion of the increase attributable to accumulated earnings and the remainderman the portion attributable to enhancement in value. In its opinion in *In re Waterhouse's Estate*, *supra*, the court said, citing *In re Nirdlinger's Estate*, *supra*, and other cases, that:

Where stock that produces income owned by the estate is sold for a price greater than the intact value (as defined and considered above), and such greater price is due to an accumulation of income, the proceeds are apportion-

able; that is, so much of the proceeds as are necessary to preserve the intact value (as defined) go to the trustees for the corpus, and only so much of the balance that represents income goes to the life tenant.

But where the greater value is due to the stock's earning power, good will, or its intrinsic, speculative, or enhanced market value, all the proceeds are part of the corpus and belong to the remainderman; the increase is capital gain.

See also *Amy H. DuPuy*, 32 B. T. A. 969.

In the instant case the stipulated facts do not show what securities of the trust estate were sold or whether the capital gains derived from such sales were due to the accumulation of earnings against such securities while held by the trustee or the enhancement in value. We are unable, therefore, to determine on the evidence of record that all of the capital gains in question were not distributable to the petitioner as life beneficiary of the trust. The respondent's determination that they were so distributable, and therefore taxable to the petitioner, being prima facie correct, must be sustained.

*Decision will be entered for the respondent.*