## IRISH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7945.

Circuit Court of Appeals, Third Circuit.

Argued April 8, 1942.

Decided June 30, 1942.

Harrison B. McCawley, of Washington, D. C. (Warren W. Grimes, of Washington, D. C., on the brief), for petitioner.

S. Dee Hanson, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before BIGGS, MARIS, and JONES, Circuit Judges.

JONES, Circuit Judge.

This matter is here on the taxpayer's petition for the review of a decision of the Board of Tax Appeals sustaining a deficiency income tax assessment by the Commissioner of Internal Revenue for the years 1935 and 1936 under the following circumstances.

In 1935 the petitioner transferred by deed approximately $250,000 worth of securities to trustees consisting of his son, his son-in-law and a third individual who was not related to the settlor either by blood or by marriage. The settlor was a resident of Pennsylvania, as were also all of the trustees, and the deed of trust was executed and delivered and the trust administered in that state.

The indenture provided that the income from the trust estate should be paid to the settlor for life. It also contained a provision permitting "the withdrawal by the Settlor from the principal in any one year of a sum not exceeding $18,000, such right of withdrawal not to be cumulative." Upon the settlor's death, two annuities (not in excess of 20% of the net income of the trust) were to be paid and the balance of the trust income was to be paid to the settlor's son and daughter. The trust was to terminate upon the death of the two annuitants and at that time the corpus was to be distributed equally between the son and the daughter. There were also provisions for cross-remainders to the son and the daughter or to their respective issue as to both income and corpus. The settlor retained no managerial powers whatever in respect of the trust property. The indenture further provided that the trust should "be irrevocable except in the event of the death of both * * * [the son] and * * * [the daughter] in the lifetime of the Settlor, in which event, at the option of the Settlor, this deed may be revoked."

In 1935 and 1936 the trustees made sales of certain trust corpus (securities) upon which net capital gains were realized in the respective amounts of $644.20 and $2,073.67. The petitioner reported in his income tax returns for the years 1935 and 1936 (and paid a tax on) the trust income exclusive of the capital gains realized from the trustees' sales of securities in those years. The Commissioner held the petitioner to be liable for tax upon the entire income of the trust for the years in question including the capital gains from the sale of trust securities and, accordingly, so notified the petitioner in a deficiency assessment notice which read in part as follows:

"Inasmuch as by the terms of the trust you have the power to revest title to part of the corpus of the trust in yourself, you are deemed liable to income tax with respect to the income resulting from the sales of cor-

porate assets. See Sec. 166, Revenue Acts of 1934 and 1936."

At the hearing before the Board of Tax Appeals on the taxpayer's petition for a redetermination of the assessment counsel for the Commissioner stated that the Commissioner also relied upon Secs. 22(a) and 167 of the applicable Revenue Acts of 1934 and 1936, 26 U.S.C.A. Int.Rev.Acts, pages 669, 727, 825, 895. The material sections are the same in both statutes. The petitioner conceded that he was taxable under Sec. 166, 26 U.S.C.A. Int.Rev.Acts, pages 727, 895, on the capital gains on that portion of the trust corpus which he could revest in himself under the right to withdraw up to $18,000 of corpus in any one year. But he contended that under the law of Pennsylvania, which governs the administration of the trust and the determination of distributable income, capital gains from the sale ' of corpus did not constitute income distributable to him as life beneficiary but were accretions to corpus. The Board, while accepting this contention with respect to the Pennsylvania law, sustained the deficiency assessment of the Commissioner (43 B.T.A. 864, 867) for the reason that " * * * the stipulated facts do not show what securities of the trust estate were sold or whether the capital gains derived from such sales were due to accumulation of earnings against' such securities while held by the trustee or the enhancement in value. We are unable, therefore, to determine on the evidence of record that all of the capital gains in question were not distributable to the petitioner as life beneficiary of the trust. The respondent's determination that they were so distributable, and therefore taxable to the petitioner, being prima facie correct, must be sustained."

The question presented is whether the entire net' capital gains derived from the trustees' sale of corpus assets in 1935 and 1936 are taxable to the settlor of the trust under Secs. 22(a), 162(b), 166, or 167 of the applicable Revenue Acts, 26 U.S.C.A. Int.Rev.Acts, pages 669, 725, 727, 825, 893, 895. The petitioner argues that only Sec. 166 is involved under the pleadings and urges that inasmuch as Secs. 22(a) and 167 were first introduced orally before the Board by counsel for the Commissioner and the introduction was not followed up by any formal assignment, the Board could not properly rest its decision upon either of those sections. Before passing to the merit

of the substantive question involved we shall consider and dispose of the petitioner's contention with respect to the applicable procedure.

▮▮▮▮ In Helvering v. Wood, 309 U.S. 344, 349, 60 S.Ct. 551, 84 L.Ed. 796, which the petitioner cites and relies upon, there was an express waiver by the Commissioner in the court below of any section of the Revenue Acts other than Sec. 166. Consequently, the Supreme Court refused to allow the Commissioner to shift to Sec. 22 (a), which had been abandoned at an earlier stage of the litigation. In the absence of an express waiver, the Commissioner is free to sustain his assessment upon any statutory ground which supports it. In Hormel v. Helvering, 312 U.S. 552, 559, 61 S.Ct. 719, 85 L.Ed. 1037, the taxpayer contended that the applicability of Sec. 22(a) was not open for consideration by the Court of Appeals for the reason that that section had not been relied upon by the Commissioner before the Board in support of the assessment. The Supreme Court held that the court below properly considered Sec. 22(a) in determining the merit of the assessment against the petitioner. It was because the Board had not found certain facts (a matter in the Board's exclusive province) that the Hormel case was remanded to the Board for further proceedings. See, also, the companion case of Helvering v. Richter, 312 U.S. 561, 61 S.Ct. 723, 85 L.Ed. 1043. Again in Helvering v. Gowran, 302 U.S. 238, 245, 246, 58 S.Ct. 154, 158, 82 L.Ed. 224, it was said that "In the review of judicial proceedings the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason. * * * This applies also to the review of decisions of the Board of Tax Appeals." See, also, Corning v. Commissioner, 6 Cir., 104 F.2d 329, 333. A taxpayer may not avoid a legally justifiable assessment merely because the reasoning of the assessing officers may vary from the reasoning of the courts. Helvering v. Gregory, 2 Cir., 69 F.2d 809, 811, affirmed 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355.

In the instant case there was no waiver by the Commissioner of any section of the pertinent revenue statutes. The petitioner's contention with respect to the procedural matter therefore lacks any possible basis. If, in view of the facts in the case, the decision of the Board is proper under any

of the statutory provisions relied upon by the Commissioner before the court, the decision must be affirmed. Helvering v. Gowran, loc. cit. supra. We have then to consider whether the capital gains, which were undoubtedly income to the trust, could be enjoyed by the settlor under the terms of the trust in addition to the trust income distributable to him as life beneficiary according to the law of Pennsylvania.

■ Admittedly, gains from the sale of capital assets come within the definition of "income" as contemplated by the Sixteenth Amendment to the Constitution. Merchants Loan & Trust Co. v. Smietanka, 255 U.S. 509, 516, 41 S.Ct. 386, 65 L.Ed. 751, 15 A.L.R. 1305. The increment resulting from the sales of trust securities in this case constituted "gains or profits and income derived from any source whatever".[1] There can be no doubt that the gain from the sale of the securities was income to the trust estate. Merchants Loan & Trust Co. v. Smietanka, loc. cit. supra. And this is unaffected by the law of the state relating to the distributability of income, for, as the Supreme Court said in the Smietanka case, supra, at page 521 of 255 U.S., at page 389 of 41 S.Ct.,—"The opinions of the courts in dealing with the rights of life tenants and remaindermen in gains derived from invested capital * * * are of little value in determining such a question as we have here, * * *." See, also, United States v. Pelzer, 312 U.S. 399, 402, 61 S.Ct. 659, 85 L.Ed. 913; Morgan v. Commissioner, 309 U.S. 78, 80, 81, 626, 60 S.Ct. 424, 84 L.Ed. 585, 1035; Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199; Weiss v. Wiener, 279 U.S. 333, 337, 49 S.Ct. 337, 73 L.Ed. 720. Of course, what portion of the trust income, if any, is distributable to the life beneficiary may be governed by the state law. Freuler v. Helvering, 291 U.S. 35, 44, 45, 54 S.Ct. 308, 78 L.Ed. 634. But state law cannot withdraw from the category of "income" any receipts which come within the definition of what Congress is empowered to tax and has taxed.

■ The final inquiry then is whether the petitioner, as settlor of the trust, having the right to withdraw corpus annually up to $18,000, is taxable for the capital gains (i.e. income) realized by the trust in the years 1935 and 1936. The test of taxability is not the receipt of income but the present right to receive it. Harrison v. Schaffner, 312 U.S. 579, 581, 61 S.Ct. 759, 85 L.Ed. 1055; Freuler v. Helvering, supra, 291 U.S. at page 42, 54 S.Ct. 308, 78 L.Ed. 634. In Corliss v. Bowers, 281 U.S. 376, 378, 50 S.Ct. 336, 337, 74 L.Ed. 916, Mr. Justice Holmes said that "The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not." If then the settlor of the trust in this case was entitled at his own election to receive the entire trust income, including the gains from sales of corpus assets, it is within the power of Congress to tax such capital gains to him as income whether or not he chose to receive them.

■ We think that the present situation is clearly covered by Sec. 167(a) (2) of the Revenue Acts of 1934 and 1936.[2] By the terms of the trust indenture not only was the petitioner entitled to receive for life the distributable trust income as determined by the law of Pennsylvania but also, under his right to withdraw corpus, he could obtain the capital gains derived from the sale of trust assets so long as such gains did not aggregately exceed in any one year the withdrawal limit of $18,000. To that extent it was therefore within the settlor's "unfettered command" or uncontrolled discretion to enjoy by withdrawal of corpus (not exceeding $18,000 in any one year) the equivalent of any or all capital gains from the sale of corpus assets. For the

---

[1] Sec. 22 (a) of the Revenue Acts of 1934 and 1936, 26 U.S.C.A.Int.Rev.Acts, page 669 and page 825.

[2] Sec. 167 (a) (2), which is identical in the Revenue Acts of 1934 and 1936, 26 U.S.C.A.Int.Rev.Acts page 727 and page 895, provides in part here material as follows:

"§ 167. *Income for Benefit of Grantor*

"(a) Where any part of the income of a trust—

* * * * * *

"(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor;

* * * * * *

then such part of the income of the trust shall be included in computing the net income of the grantor."

years in question the capital gains which the petitioner could thus have received were $644.20 and $2,073.67. The fact that he did not elect to enjoy such corpus gains in the years in which they accrued is wholly immaterial for the tax is assessable according to what *may* be done under the trust rather than what *is* done under it. Greenough v. Commissioner, 1 Cir., 74 F.2d 25, 27.

The petitioner argues (Brief, p. 10) that Sec. 167(a) (2) is not applicable here "for that section rests upon *discretion* as to distribution of *income* and nowhere in the trust instrument are *discretionary* powers given." But the petitioner is mistaken in saying that the trust instrument contained no discretionary powers. By the very terms of the trust deed it lay within the settlor's sole discretion to determine whether or not he should divert from corpus in any one year an amount equivalent to the capital gains therein not exceeding $18,000. Such is the discretion contemplated by Sec. 167(a) (2).

The decision of the Board of Tax Appeals is affirmed.