Edgar J. Nathan, J.
Plaintiff brings this action to recover damages for unpaid installments claimed to be due under a separation agreement.
This agreement was entered into between the parties on November 29,1932, in the State of Illinois and was subsequently incorporated into a decree of divorce granted on December 30 of the same year. Custody of the children born of the marriage, a son, Leon Handel III, and daughter, Noel Handel Reid, then four and five years of age, respectively, was awarded to the plaintiff herein. Plaintiff has since remarried, as has defendant. Each of the two children are married and living apart from plaintiff in their respective homes.
The agreement, which is to be construed under the law of Illinois, provides for monthly support and maintenance payments to plaintiff for herself and the children, for the children’s education, and for medical expenses until the children’s marriage or their reaching the age of 25. In consideration of these payments, plaintiff agreed to provide a home for the children, together with reasonable maintenance and support. At such time as plaintiff remarried the monthly payments by defendant to her are reduced to $833.33 for the children only and continuing beyond their infancy. Paragraph 6 of article 3 of the agreement provides as follows: “ In the event that at any time hereafter, income shall be paid to the wife out of and from any inheritance, gift, trust or estate established or created for the benefit and use of either child, then the amount received by the wife for the use of the child from the income of such estate, *1029 gift, trust or inheritance (established or created for the benefit of such child) shall be deductible from the amount to be paid to the wife by the husband, but only to the extent of Four Hundred Sixteen Dollars and Sixty-six Cents ($416.66) per month for each child for whom such income is so received by the wife for the use of such child.”
Plaintiff claims, and it is not disputed, that under the terms of the separation agreement she is entitled to receive the sum of $833.33 per month for the benefit of the two children, and that defendant has refused to make such payments since June, 1955. Defendant interposes by way of affirmative defense and counterclaim that he is entitled by the agreement to offset against the payments due thereunder, ‘ ‘ income from ’ ’ trusts established for the benefit of the children, the gifts or principal received by the children on the termination of the trusts, and profits realized on the sale of the securities comprising the principal of the trust. In addition, defendant claims an offset for miscellaneous cash gifts received by the children from plaintiff and her family over the years. Defendant’s answer also alleges an affirmative defense and counterclaim that plaintiff’s willful and fraudulent concealment of this ‘ ‘ income ’ ’ received by the children constitutes a breach of the contract, rendering it void in its entirety.
Defendant has withdrawn the third counterclaim whereby he claimed that plaintiff did not provide proper support and maintenance for the children.
The first and second counterclaims are based principally upon the trusts established on March 4, 1943 for the benefit of the two children by their maternal grandparents, the plaintiff being designated as a trustee. These trusts earned dividend income until they terminated on the children’s 21st birthdays, August 28, 1949 and March 25, 1948, respectively, when the securities comprising the principal thereof were distributed outright to the children together with the accumulated income less expenses. It is the alleged concealment of this trust income as well as other miscellaneous gifts which form the bases of the affirmative defenses and counterclaims. Assuming plaintiff failed to notify defendant of trust income in violation of an implied covenant to make such fact known, this would not constitute such a substantial breach of the terms of the separation agreement as to render it void in its entirety. This is especially so where the separation agreement covered other valuable property rights of the parties, in addition to the provision for maintenance and support. In any event, defendant elected to *1030 continue to make his monthly payments under the agreement for at least two years after obtaining knowledge of some facts, which he now claims as a defense. It is clear, therefore, that he recognized the agreement as valid and subsisting and cannot now claim the agreement is completely void. (See Guhl v. Guhl, 376 IE. 100.)
Defendant contends further, however, that plaintiff’s breach of the implied covenant is, at the very least, a defense to this claim upon the defendant’s covenant to make monthly payments. In order for a breach of such an implied covenant, if any, to work a forfeiture of plaintiff’s benefits under another covenant, the respective covenants must be dependent upon one another, the breach must be substantial and it must have been committed in bad faith. (Smith v. Smith, 225 N. C. 189; Verdier v. Verdier, 133 Cal. App. 2d 325.)
Plaintiff was required to carry out all of the terms of the separation agreement in good faith. This included the duty to inform defendant of any facts within her knowledge which she might reasonably believe would entitle him to a reduction of the monthly payments. The evidence, however, fails to disclose that she had knowledge of such facts. Plaintiff, as trustee, executed a full power of attorney to her father, one of the settlors, who managed the trusts. While she signed the documents necessary to the administration of the trust, and must have realized that the trust was income producing, there was no direct knowledge on her part as to the terms of the trusts, the amounts involved, or the disposition of the trust income. The only knowledge attributable to her in this regard was that with which she is charged by virtue of her status as a trustee. Nor did the children know of the existence of the trusts or receive any income therefrom until the termination of the trusts, when the principal and accumulated income were paid over to them.
Under these circumstances, the evidence is insufficient to establish that plaintiff willfully concealed offset income under the agreement. Such evidence must be compelling to require a forfeiture of the rights under the agreement which plaintiff seeks to protect solely for the benefit of the children. Furthermore, the tendency of the Illinois courts is to avoid a forfeiture where a breach can be compensated by way of recoupment or setoff. (Foreman State Trust & Sav. Bank v. Tauber, 348 Ill. 280.) Defendant has failed to meet the burden of proving the second affirmative defense and second counterclaim, but may set off or recoup such sums as he may be entitled to under the first counterclaim.
*1031 Defendant contends that under paragraph 6 of article 3 of the separation agreement {supra), he is permitted to deduct from payments due plaintiff thereunder the dividend income earned by the trusts as well as direct gifts to the children of the securities comprising the principal of the trust; the capital appreciation thereof; and other miscellaneous cash gifts over the years. Paragraph 6 enables defendant to deduct ‘ ‘ income * * * paid to the wife out of and from any inheritance, gift, trust or estate established or created for the benefit and use of either child ”, All that could be reasonably intended by this provision is that in the event of the existence of any inheritance, gift, trust or estate for the children, the income earned from such funds and received by the wife would be deductible from defendant’s monthly payments. Although there may be no exact, precise definition of the word ‘ ‘ income ’ ’ which would encompass all its various uses, there can be little doubt of its meaning when, as here, it is used with reference to its source. When so used, it can only mean moneys earned and distributable from the use of the source as distinguished from the source itself. The word “ from ” is by definition “ a term of exclusion unless by necessary implication it is manifestly used in a different sense.’” (O’Rourke v. Prudential Ins. Co., 294 Ill. App. 30, 34.) The word is used many times throughout this detailed and carefully-drawn agreement in its accepted and usual meaning. There is nothing to disclose that any special meaning was intended in this provision. In the opinion of the court this construction of the word ‘income ’ ’ is clearly the one contemplated by the parties. Any other construction which would include gifts, payments of principal of trust funds, capital gains, or profits on sale, would work against the interest of the children, and be contrary not only to the underlying purpose of the agreement, but also to natural family instincts to supplement regular income by gifts on special occasions.
It is the plain and everyday usage of the word that controls the interpretation of this agreement and not definitions under the tax laws and under other special statutes. (See Eisner v. Macomber, 252 U. S. 189; Bergman v. Buechler, 249 App. Div. 553; Jenkins v. Jenkins, 179 Misc. 905.) The agreement contemplated a regular recurring income for each of the children of $416.33 a month. It did not foreclose gifts, though it did require that income “ out of and from any inheritance, gift, trust or estate ” be deducted from the amount provided to be paid by defendant for their benefit. The moneys attributable to income received by plaintiff for the benefit of the children, *1032 under this construction of paragraph. 6, amount to the sum of $4,110.44.
There remains for determination, whether any of these funds when received by the children became income-producing, thereby entitling defendant to a further deduction to the extent of any such income. Upon the termination of the trusts when the children reached 21, the gift of the securities comprising the principal of the trusts was placed in separate accounts, and the children received income until the securities were gradually liquidated. Paragraph 3 of article 3 of the agreement provides that: “In the event a child shall marry, or, after reaching twenty-one (21) years of age, shall live separate and apart from the wife, then the husband shall have the right in his discretion to pay to such child upon the happening of either of these events, the sum of Four Hundred Sixteen Dollars and Sixty-six Cents ($416.66) per month, or any portion thereof, from time to time, and thereafter the payments by the husband to the wife shall be reduced by the amount which the husband pays to such child, but only up to Four Hundred Sixteen Dollars ánd Sixty-six Cents ($416.66) per month; and after the wife’s death, the husband agrees to pay to each child, for and during the life of such child, the sum of Four Hundred Sixteen Dollars and Sixty-six Cents ($416.66) per month; and if such child shall have an income from any estate, gift, trust or from any inheritance, then the amount of such income received by such child therefrom, (up to the sum of Four Hundred Sixteen Dollars and Sixty-six Cents ($416,66) per month) may be deducted from the payments made to such child by the husband.”
Plaintiff contends that this paragraph does not create any additional deductions for income received directly by the children, because it is only applicable if defendant made his payments directly to the children, and then only after the wife’s death. The court does not so construe this provision of the agreement. The provision for deductions in the last clause of the paragraph is construed to apply to both of the preceding clauses. "Whether the defendant’s payments to the children are made pursuant to the elective provision or pursuant to the mandatory provision of this paragraph, he is clearly entitled- to deduct ‘ ‘ income ’ ’ received by the children.
Although the defendant has not heretofore formally elected to make payments directly to the children, despite the fact that each had reached 21 years of age and had married, nonetheless the moneys paid by him to the wife for them was immediately turned over to them. These payments were not in aid of the wife’s obligation to support the children, for they were no *1033 longer living with the plaintiff and had established homes of their own. Under these circumstances the payments may be deemed substantial compliance with paragraph 3 of article 3 of the agreement, and the court so holds. It certainly meets the intent of the parties. The purpose and intent of this article is to permit offsets of income received by or for the children, and does not require strict compliance such as drawing checks payable to the children. Having proper regard for the substance of this provision, it is illogical to deny offsets to the husband solely because he had failed to change his method of payment. The right of election was a provision of convenience, wholly discretionary with defendant and not intended to be a condition to the right to deductions from his monthly payments.
Defendant is entitled to an additional setoff for “income ” received by the children from the gift of trust principal after the termination of the trusts. The word “ income ” as previously construed in this opinion, limits any such offset to the cash dividends received by the children from this gift, as distinguished from the gift itself or any capital gains or stock dividends taxable as income under Federal income tax laws upon liquidating the securities. The latter items were part of the capital fund and were not received by the children from that fund as regular, recurrent income as contemplated under the agreement.
Accordingly, defendant is entitled to an additional deduction for income received by the children from the trust principal turned over to them, amounting to $9,585.89. The total amount of income received by or for account of the children, computed in accordance with this opinion, and deductible by defendant from the amount payable under the separation agreement, is $13,696.33.
A. determination of the issues raised by plaintiff’s reply to defendant’s counterclaim is held in abeyance pending a further hearing on April 6, 1959 for that purpose. Settlement of a judgment herein shall be deferred pending such a determination.
This opinion constitutes the decision of the court in accordance with section 440 of the Civil Practice Act.