Joseph F. Hawkins, J.
Plaintiffs move for summary judgment. The complaint alleges that under the parties’ separation agreement entered into in August of 1965, plaintiff is entitled to some $5,449.43. Following the recital that “ The Husband warrants herein that his present salary is $19,060.00 per year ”, the agreement keyed his measure of support to that base figure providing, immediately thereafter, that if “ the Husband’s earnings increase in any calendar year, then an amount equal to 20% of such increase shall be paid to the Wife and Children hereunder ”. The increased support, if any, is to be applied equally for the support of the wife and the children.
For the calendar year 1965, defendant reported a salary of $21,151.62, and dutifully paid plaintiff 20% of the excess over said cut-off sum. In the tax return for that year, defendant reported a long-term net capital gain of $430.41 under “Part II — Income from all sources, other than wages, etc.”, and in Schedule D thereof included one half, to wit, $215.21, and which, together with “ Other Income ”, was entered on line 6, page 1 of the defendant’s return for that year. For the following calendar year — and this is the genesis and crux of the dispute at bar — the defendant reported a long-term capital gain of $26,135.62, which resulted from the sale of stock in a corporation in which he was also an officer. It is the plaintiff’s contention that this long-term capital gain constitutes ‘ ‘ earnings ’ ’, and, consequently, she is entitled to the sum claimed, which amounts to 20% of the total capital gain. (Also included is a capital gain resulting from the sale of listed securities of some $142.94.)
The matter at bar appears to be one of novel impression. The sole opinion which refers to this particular issue — albeit dicta — is Seligmann v. Mandel (16 Misc 2d 1026, affd. 5 A D 2d 974), for there the basic point decided involved allocation of income from a trust. Judge Nathan, in construing that separation agreement, held at page 1031: “In the opinion of the court this construction of the word ‘ income ’ is clearly the *879 one contemplated by the parties. Any other construction which would include gifts, payment of principal of trust funds, capital gains, or profits on sale, would work against the interest of the children, and be contrary not only to the underlying purpose of the agreement, but also to natural family instincts to supplement regular income by gifts on special occasions.” (Italics supplied.)
The separation agreement — some 14 pages and riders — was obviously meticulously drafted and incorporates the contingencies customarily provided for in separation agreements. It, nevertheless, is significantly silent as to the disposition of any capital gains. It is apparent that the fortuitous contingency of a capital gain was mutually unanticipated. For the court so to construe the separation agreement as to include capital gains within the classification of “ earnings ” as employed by the parties within the context of their agreement is to indulge in rewriting an agreement the parties fashioned with both having the benefit of counsel. It is further evident from the instrument itself that the drafters were primarily concerned with adjustments predicated on the defendant’s salary, and the parties sought to anticipate difficulties in the event the defendant became self-employed, for in such eventuality, various safeguards were then introduced on behalf of the wife.
The conclusion is both simple and inescapable: if the parties anticipated and wished capital gains to be deemed included in “ earnings ”, the separation agreement would have so provided; and the agreement at bar does not do so.
The motion is denied. No costs.