## (May 29, 1969)

■ SHEILA M. FISCHER, Appellant-Respondent, v. FRED F. FISCHER, JR., Respondent-Appellant.— Order entered January 3, 1969, modified on the law to dismiss second counterclaim and to limit the stay of execution to the extent of the sum demanded in the first counterclaim and, as so modified, affirmed, without costs to either party as against the other. Plaintiff moved for summary judgment in an action for arrears on a separation agreement. Defendant had pleaded two counterclaims for overpayments allegedly made by mistake. Special Term granted summary judgment but stayed execution on the second cause of action to the extent of the claims pleaded in the counterclaims. We find that the second counterclaim fails to state a cause of action. This counterclaim refers to payments made under a provision of the agreement requiring defendant to pay a certain percentage of " his gross annual income from any and all sources " to plaintiff. Defendant claims that a payment made, while arithmetically correct and in accord with both the agreement and his income, was mistaken in that it included a capital gain from the sale of a business interest. Capital gains are income (*Eisner* v. *Macomber,* 252 U. S. 189; *Irish* v. *Commissioner of Internal Revenue,* 129 F. 2d 468). The mere fact that such income may be taxed at a rate different from other income does not change its character as income. The defendant himself must have so considered it when he made the payment. There being no facts presented which could have raised an issue, summary judgment should have been granted. Concur — Stevens, P. J., Eager and Steuer, JJ.; McGivern and Nunez, JJ., dissent in part in the following memorandum by McGivern, J.: I dissent to the extent that I believe Special Term was correct in declining to determine on the papers alone whether or not the phrase " gross annual income " was intended to include a "capital gain" from an unanticipated sale of a prime capital asset, an event not likely to be recurrable. The fact that the plaintiff wife falls back on an affidavit of her former attorney indicates the matter is not free from a rational doubt. Extrinsic evidence is only admissible to elucidate a document when it is not free from ambiguity and vagueness. (*Lachs* v. *Fidelity & Cas. Co. of N. Y.,* 306 N. Y. 357, 367.) In my view, there is here a mixed question of law and fact, precluding summary judgment. (*Janos* v. *Peck,* 21 A D 2d 529, 536.) And if the defendant husband should be successful in demonstrating that he inadvertently and mistakenly included within his computation of gross income for 1967 a " capital gain ", an item not in the contemplation of the parties, and not provided for in the agreement, then the money may be recovered unless the payment caused the wife to so change her position as to make it unjust to require restitution, a fact not ascertainable on this record. (*Hathaway* v. *County of Delaware,* 185 N. Y. 368, 370.) In any event his position cannot be dismissed out of hand. I think it is well taken. (*Uris* v. *Murphy,* 23 A D 2d 948; see,

also, Tax Law, § 359, subd. 5.) This section expressly excludes "capital gains" from "gross income" as follows: "The term 'gross income' shall not include capital gains but such gains shall be separately computed to ascertain the amount of net capital gain subject to the tax imposed by section three hundred fifty-one." The cases cited by the majority, *Eisner* v. *Macomber* (252 U. S. 189), and *Irish* v. *Commissioner of Internal Revenue* (129 F. 2d 468), are neither apt nor dispositive of the issue herein, namely, the intent of the parties. *Eisner*, decided in 1920, dealt simply with the problem as to whether, by virtue of the Sixteenth Amendment, Congress had the power to tax, as income of the stockholder and without apportionment, a stock dividend made lawfully and in good faith against profits accumulated by the corporation since March 1, 1913. *Irish*, decided in 1942, dealt with the question whether gains from the sale of capital assets come within the definition of "income" as contemplated by the Sixteenth Amendment to the Constitution. And it is significant the Third Circuit Court of Appeals, in *Irish* (p. 471), also said: "Of course, what portion of the trust income, if any, is distributable to the life beneficiary may be governed by the state law. *Freuler* v. *Helvering,* 291 U. S. 35, 44, 45 * * *. But state law cannot withdraw from the category of 'income' any receipts which come within the definition of what Congress is empowered to tax and has taxed." And as was noted in the Supreme Court of Rhode Island in *Industrial Nat. Bank* v. *Nugent* (97 R. I. 237, 245), "Capital gains are not true income but a return of capital realized upon a change of form of investment." The fact that defendant agreed to exhibit his annual income tax returns does not permit the conclusion as a matter of law that the definition of "gross income" as used in the separation agreement was intended to embrace the Federal definition of that term for the purpose of spelling out the applicable Federal tax. That the issue should not be summarily disposed of in favor of plaintiff, even on the basis of Federal law, is made clear by the decision rendered in *Commissioner of Internal Revenue* v. *Shapiro* (125 F. 2d 532), wherein it was held that a partner's sale of his one-half interest in a business engaged in the selling of cosmetics and medicine constituted the sale of a "capital asset" and the gain derived thereby was a "capital gain" and not taxable as "ordinary income". Here too, we deal, not with long term capital gains, incident to trading or recurrent business operations, but capital gains incident to the single sale of an interest in a consulting engineering business conducted with five other persons, in which defendant had been engaged for more than nine years prior to the separation agreement, and which he was compelled to and did sell to his remaining partners, almost a year after the agreement. The failure of the agreement to anticipate "capital gains", recurring or not, would suggest that the correct disposition of this phase of the controversy precludes a summary disposition in favor of plaintiff. As was said in a well reasoned and somewhat comparable case, where summary judgment was denied, "if the parties anticipated and wished capital gains to be included in 'earnings', the separation agreement would have so provided". (*Berry* v. *Berry,* 55 Misc 2d 877, 879.)