Morton M. Z. Lynn, J.
Plaintiff rented a. portion of the premises at 389 State Street, Albany, New York, from defendants at a monthly rental of $275. The building is a six-story *759 apartment house. One apartment is occupied by the defendants.
The renting was a month-to-month oral lease. Plaintiff moved in on August 1, 1977, paid one month’s rent, and gave the landlord a security deposit of $275. The plaintiff moved out on August 27, 1977, giving no notice. He sues now to recover the security deposit.
Ordinarily a landlord is entitled to one month’s notice of intent to remove (see Real Property Law, § 232-b), and the failure of a tenant to give it would entitle a landlord to keep so much of the security deposit as did not exceed one month’s rent; absent some legal reason for the tenant’s earlier removal, such as breach of warranty of habitability, etc.
While the tenants did give some vague testimony as to such breach of warranty, for the purpose of this decision, the court makes no finding of fact thereon, but will decide the case as if there were no such breach. It does appear however, that the landlords had not deposited the security in a trust account, but rather had commingled it with their own funds, contrary to the provisions of section 7-103 of the General Obligations Law.
This action was brought in the Small Claims Part and each party appeared without a lawyer. The court therefore has not had the advantage of being briefed by counsel. The court’s own research has not brought to light any case in which this precise question has been presented; namely, where the landlord has violated section 7-103 of the General Obligations Law, can the tenant remove without incurring a claim for damages for breach of the lease? The court’s research has disclosed only the case of Datz v Wolfe (42 Misc 2d 956), but that case includes other factors which might have affected the ultimate decision and is not a clear-cut authority on the exact point.
Curiously, section 7-103 does not include any specific penalty or sanction for its breach (cf. General Obligations Law, § 7-105, subd 3). If there is no remedy, a landlord might never sustain any liability for failure to comply with the law unless he did not return the deposit at the termination of the lease, when required to do so. (See Matter of State of New York v Parker, 30 NY2d 964.)
There being no specific provision in either the General Obligations Law or the Real Property Law, I must assume that ordinary principles of contract law apply. Since all contracts are made subject to any law prescribing their effect, or *760 the conditions to be observed in their performance, the statute is just as much a part of the contract as if it had been actually written into it (Matter of Havemeyer, 17 NY2d 216).
Therefore a failure to observe the mandate of the statute would be a breach of the contract. The omission of a party to a contract to do what he promised to do is a breach of the contract and an enforceable cause, of action thereby arises (Todd v Weber, 95 NY 181). A party who seeks to recover damages from the other party to the contract before its breach must show that he himself is free from fault in respect of performance (Rosenthal Co. v Brilliant Silk Mfg. Co., 217 App Div 667, 671).
A breach of contract by one party relieves the other from obligations under it and renders the covenants unenforceable by the one who has breached it (Sherry v Federal Terra Cotta Co., 172 App Div 57; Zadek v Olds, Wortman & King, 166 App Div 60; Hudson Riv. & Washington County Midland R. R. Co. v Hanfield, 36 App Div 605; Melodies, Inc. v Mirabile, 7 AD2d 783; Perlman v Israel & Sons Co., 306 NY 254).
Even if the breach is only anticipatory, the other party is excused from performance (Mignon v Tuller Fabrics Corp., 1 AD2d 174).
The court is aware of the Seligmann v Mandel (16 Misc 2d 1026) but that case had extraordinary circumstances quite different from those in the case at bar, and it appears clearly distinguishable, since it was complicated by questions involving support, family obligations, family relationship, etc.
It appearing therefore that the landlords had breached the lease by failure to segregate the security deposit, the tenant was under no obligation to comply with it, was free to remove at any time; and incurred no liability for so doing. The tenant therefore was entitled to recover the security deposit and is awarded judgment for $275 plus $2.98 disbursements; total, $277.98.