MICHAEL C. JACKSON, Plaintiff, v JUDITH JACKSON, Defendant.

Supreme Court, New York County, October 27, 1988

### APPEARANCES OF COUNSEL

*Burns & Burns (Bruce A. Burns* of counsel), for defendant. *Schoeman, Marsh, Updike & Welt (Gordon H. Marsh* of counsel), for plaintiff.

### OPINION OF THE COURT

DAVID B. SAXE, J.

The intricacies of our Federal income tax code make it imperative that matrimonial draftsmen carefully and thoughtfully draft tax liability clauses placed in separation agreements.

In this case, the defendant wife moves to enforce the terms of the parties' judgment of divorce, seeking judgment for $17,540 due her pursuant to the ordered equitable distribution of their marital assets. The plaintiff husband claims that he properly deducted that amount from the total sum paid to defendant, because she is responsible for an assessed tax deficiency of $17,539.78 from the year 1983.

The motion papers reflect that the husband was notified on February 3, 1987 of the $17,539.78 deficiency in the parties' New York City and New York State joint income tax return for 1983. After having his accountant review the matter, in late August 1987 he notified the plaintiff wife of the deficiency, and in November 1987 he paid the assessment, then deducted that sum from the payout of marital assets due and owing to the wife pursuant to the judgment of divorce.

The crux of the parties' dispute revolves around the interpretation of the following provision of their separation agreement, incorporated in their judgment of divorce:

"VI. *Income Taxes.*

"A. If, in connection with any joint Federal, state or city personal income tax return heretofore or hereafter filed by the Husband and the Wife, there is a deficiency assessment, the amount ultimately determined to be due thereon, including penalties and interest, shall be paid by the Husband, unless and to the extent that the same has been caused by the failure or neglect of the Wife to disclose any income which should have been included on such return."

Thus, the sole issue to be resolved is whether the plaintiff wife "caused" the deficiency by failing or neglecting to disclose any income which should have been included.

The tax deficiency was created because a corporation owned and operated solely by the plaintiff wife was claimed as an S corporation when in fact, although it had properly made the Federal election to be treated as an S corporation, it did not file the necessary forms to make the election for State and city purposes. Consequently, the losses of that corporation for the year 1983 were improperly deducted from their claimed income on the couple's 1983 State and city tax return.

The question is whether the affirmative reporting of losses she was not legally entitled to claim is the same as failing to disclose income. The husband equates them, terming as "specious" the distinction between underreporting income and overreporting losses. The wife stands on the precise language of the parties' agreement, asserting that she cannot be said to

have failed to disclose income; she argues that "the clear intent of the parties to the Separation Agreement was that the plaintiff * * * would be responsible for any deficiency unless [the wife] actually concealed income."

The wife further argues that the failure to make the election was not her fault, that the neglect was not her own, and in that any case proper filing of the election should have been confirmed by the accountant hired by the husband to prepare their tax returns.

As between the parties, it is clear that the wife had the responsibility and obligation with regard to properly filing the subchapter S election and properly reporting that corporation's finances for tax purposes. It is likely that, had a problem like this particular situation been contemplated, paragraph VI (A) of the separation agreement would have been drafted more broadly to attempt to encompass a deficiency caused by *any* "failure or neglect" of the wife. However, as it now reads, the provision limits the wife's liability to circumstances where that failure or neglect was in disclosing "income".

A taxpayer is entitled to reduce her adjusted gross income by the amount of the losses of her subchapter S corporation. Whether this reduction is characterized as a "loss", a "deduction" or "negative income", it is clear that the defendant did not fail to disclose income. Her failure lay elsewhere, in neglecting to file the State and city subchapter S elections.

As in the analogous case of *Berry v Berry* (55 Misc 2d 877), it is evident that the drafters of the separation agreement had not considered the possibility that came to pass, here, losses being improperly claimed. Just as that court could not construe the word "earnings" to include "capital gains", for me to construe the phrase "failing to disclose income" as including improperly reporting losses would be to "indulge in rewriting an agreement the parties fashioned with * * * the benefit of counsel" *(see, Berry v Berry,* 55 Misc 2d 877, 879, *supra).* This I decline to do.

Since under the terms of the agreement the plaintiff agreed to pay all deficiency assessments unless it was caused by the wife's failure to disclose income, I am constrained to hold that he is liable for the deficiency assessment from the year 1983, and will further be liable for any subsequent assessment caused in the same manner.

Accordingly, the defendant's motion is granted.